## MEYER v. ROUSSEAU, NEXT FRIEND.

PROBATE COURT: *Power to exchange lands of infants.*

The probate court has no power to order the lands of a minor to be exchanged for other lands.

APPEAL from *Lincoln* Circuit Court in Chancery. Hon. JOHN A. WILLIAMS, Judge.

*J. M. & J. G. Taylor* for Appellant.

The probate court had jurisdiction to make the order of exchange, and being approved and confirmed it is not subject to collateral attack. If erroneous, it could only be corrected on appeal, or by direct attack for fraud. *Schouler on Exrs., etc., sec. 361, n. 2; Rorer on Jud. Sales, sec. 317; Ib., p. 138; 3 Wall., 406; 5 Sawyer, 237.* A private sale of lands of a deceased person is error, *33 Ark., 89,* yet upon such a petition the court would gain jurisdiction of the subject matter. *2 Wall., 216.* See also *Rorer Jud. Sales, p. 59; 8 Fed. Rep., 216; Schouler Dom. Rel., p. 512, n. 1; 1 Brock, 356.*

The court had authority to make the order under *Sec. 3509, Mansf. Dig.* It was simply *a sale* and the investment of the proceeds in other real estate.

The minors having received the land and money of Meyer, and not offering to restore the consideration or reconvey the land, they are estopped to question the transaction. *Rorer on Jud. Sales, sec. 467; 23 Maine, 517.*

Infants are no exception to the rule; when they ask equity they must do equity. *33 Ark., 490.*

*J. M. Cunningham* for Appellees.

It was the duty of appellant to see to the application of the consideration paid the guardian, for he knew that the guardian was acting in violation of his trust. *Story Eq., 1131 a.*

The action of the probate court was *coram non judice,* and the order of exchange void. *Const., Art. 7, sec. 34; Mansf. Dig,, secs. 3502, 3509.* The court had no jurisdiction beyond the terms of the statute. *Waples Pro. in rem, 563.* See *Grider v. Driver, 46 Ark., 109–118.*

BATTLE, J. Mary E. Jones and Charles E. Jones were minors and the owners of certain lands in Lincoln county, and Jonathan Jones was their guardian. In 1875, Jonathan Jones, as such guardian, applied by petition to the Lincoln probate court for an order authorizing and directing him to exchange his wards' lands for certain lands in Jefferson county, described in his petition; and the probate court directed him to make the exchange. The exchange was made. Jones, as guardian, conveyed his wards' lands to Gabe Meyer, and Meyer conveyed to the guardian the lands in Jefferson county. Jones reported his proceedings to the probate court, and they were approved by the court; and Meyer took possession of the lands conveyed to him. Jones having died, Mary E. and Charles E. Jones, by their next friend, brought this action against Meyer to recover the lands conveyed to him by their late guardian. The defendant having answered, claiming under the exchange, the action, on motion of plaintiffs, was changed into an equitable proceeding. Plaintiffs, thereupon, filed an amended complaint, in which they set forth, among other things, the facts above stated, and asked that the order of the Lincoln probate court, authorizing the exchange, and all orders and judgments confirming or attempting to confirm the exchange, be set aside and declared void, and for other specific relief set forth in the prayer of the complaint, and for general relief. The defendant answered this complaint. On

the final hearing, the court below set aside the exchange and declared the same void, and granted other relief not necessary to state here, and defendant appealed.

The only question of importance, in this case, is: Did the Lincoln probate court have authority to make the order empowering Jones, as guardian, to make the exchange of lands?

In *Myrick v. Jacks, 33 Ark., 428,* Mr. Justice EAKIN, in delivering the opinion of the court, said: " Courts of probate have, by the statute, been intrusted with some limited powers over the estates of minors, in the hands of administrators and guardians, and within the scope of those statutory powers they are certainly entitled to all presumptions accorded to superior courts of record. But they had no such jurisdiction by common law, and beyond the limits given they have none now. When they proceed to do a thing which, by proper proceedings and upon a proper case made, they are authorized to do, it will be presumed they have acted correctly; or, if the proceedings have been irregular or the conditions of jurisdiction not strictly fulfilled, it is error to be corrected on appeal or *certiorari.* But if they undertake to make an order not authorized under any circumstances, although they may have jurisdiction over the same property for other purposes, it is void." *Young v. Lorain, 11 Ill., 636; Grignon's Lessee v. Astor, 2 How., 338; Comstock v. Crawford, 2 Wall., 402; Fitzgibbon v. Lake, 29 Ill., 176; Gager v. Henry, 5 Sawyer, 243, 244.*

In *Guynn v. McCauley, 32 Ark., 97,* this court held that " the probate court has no jurisdiction to authorize a father to sell the land of his minor child, until he is appointed guardian," and qualified as such. And in *Summers v. Howard, 33 Ark., 490,* it was held that the probate court cannot authorize a curator to sell a minor's estate, and that a sale so made is void. The reason of the decision, in both these cases, is, the statute did not authorize such sales.

It is contended by appellant that the Lincoln probate court had a right to order the exchange of lands in this case, under *Section 3509 of Mansfield's Digest*, which says:

"When it shall appear that it would be for the benefit of a ward that his real estate, or any part thereof, be sold or leased and the *proceeds* put on interest, or invested in productive stocks or in other real estate, his guardian or curator may sell or lease the same accordingly, upon obtaining an order for such sale or lease from the court of probate of the county in which such real estate, or the greater part thereof, shall be situate."

*Section 3511* says that the sale or lease mentioned in *Section 3509*, shall be subject to the provisions of *Chapter 73 of Mansfield's Digest*, in relation to the sale of real estate of minors. The only provisions of this chapter, in relation to the sale of real estate of minors, are those which provide how lands of minors, ordered to be sold to raise the funds necessary to complete the education of such minors, shall be sold. One of these provisions is: "Such sale shall be advertised and conducted in the same manner as now provided by law for advertising and conducting sales of real estate of deceased persons, made by executors and administrators, for the payment of debts." From this it is clear that the sale meant by *Section 3509* is a sale for money by public auction, as in that way the sale of lands of deceased persons, made by executors and administrators for the payment of debts, is required to be made.

The word sale has a fixed legal signification. In delivering the opinion of this court in *Cooper v. The State, 37 Ark., 418*, Chief Justice ENGLISH said: "A sale is an exchange of goods or property for money paid or to be paid. Barter and exchange are of about the same meaning. *Barter*—the exchange of one commodity or article of property for another. *Exchange of goods*—a commutation, transmutation, or transfer of goods for other goods, as distinguished from *sale*, which is a transfer of goods for money."

Under no state of facts is the probate court authorized by the statute, so far as we have been able to discover, to order the lands of a minor to be exchanged for other lands. The order of the Lincoln probate court directing an exchange of appellees' lands for other lands is void.

In order to save any misapprehension, we state here that we do not undertake to decide in this case 'that a private sale of a minor's lands, made by his guardian pursuant to an order of a probate court, and confirmed by the proper court, should be treated as void in a collateral proceeding because it was private. That question does not arise here.

It is contended by appellant that a part of the consideration received by appellees for the lands in controversy was $2000, and the land conveyed by him to their late guardian, and that they have failed to offer to return the money or reconvey the land, and that, by reason of such failure they are estopped from disputing the validity of the exchange. There is no evidence that appellees ever received the $2000, or any part thereof, or any benefit therefrom, or ever were in possession of the land, or received any part of the rents and profits thereof. This being true, the appellees were not bound to return the money, or reconvey the land. *Grider v. Driver, 46 Ark., 109.*

Decree affirmed.