## McKinney v. McCullar.

### Opinion delivered April 18, 1910.

1. Guardian and ward—Exchange of ward's land.—The probate court has no power to order the lands of a minor to be exchanged for other lands. (Page 166.)

2. Same—Estoppel of ward.—A ward is not estopped to deny the authority of the guardian to exchange his land for other land where he was never placed in possession of the exchanged land nor received any benefits therefrom. (Page 166.)

3. Infancy—Liability for improvements on homestead.—While minors are not liable for permanent and valuable improvements placed on their homestead by one to whom it had been exchanged for other land, the latter will be entitled to setoff against his liability for rent a reasonable compensation for necessary repairs thereon made by him. (Page 168.)

4. Same—Exchange of minor's land—Return of consideration.—Where a minor never received a sum paid to his guardian as consideration for an exchange of his homestead for other land, he will not be bound to restore such consideration before recovering his homestead. (Page 168.)

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Pitt Holmes* and *Woodson Mosley,* for appellant.

The sale being for the maintenance of the minors, the probate court had exclusive jurisdiction, and its judgment in approving the sale is final and cannot be set aside except for fraud.  11 Ark. 519; 13 Ark. 177; 31 Ark. 74; 33 Ark. 575; 44 Ark. 267; 57 Ark. 190; 66 Ark. 416; 73 Ark. 612.  The probate court may order the sale of the homestead of minors for their benefit.  65 Ark. 355.  Appellees should have returned the money before commencing this suit, or at least offered to do so.  39 Ark. 293; 47 Ark. 427; 65 Ark. 298; 74 Ark. 241; 71 Ark. 605.

*Irving Reinberger,* for appellee.

The probate court has no authority to order a minor's lands exchanged for other lands.  47 Ark. 460.  Even if the transaction be held to be a sale for reinvestment, the sale is void because the guardian failed to give a special bond    38 Me. 47; 28 Mich. 251; 90 Pa. 350; 71 Ind. 398; 81 Ky. 127; 59 Ia. 533; 52 Miss. 533.  The sale is void also because there was no appraisement of the ward's property.  86 Ark. 368.  The failure to give notice to those interested renders the sale void.  43 Ia. 11; 52 Miss. 625; 85 Ill. 374.  Appellees having received no part of the proceeds of the sale, they are not required to return it.  47 Ark. 460.

HART, J.  In the year 1898 Mrs. M. C. McCaskill, wife of J. M. McCaskill, died seized and possessed of lots seven and eight in block thirty in the town of Rison, Cleveland County, Arkansas, which was her homestead.  She left surviving her, Elva E. McCaskill, now Elva E. McCullar, Hugh G. McCaskill and Mary B. McCaskill, minors, as her sole heirs at law.  J. M. McCaskill, the father of said minors, was duly appointed as their guardian.  On the 17th day of December, 1904, said J. M. McCaskill as such guardian, applied to the Cleveland Probate Court for an order to exchange said lots for certain other lots in said town of Rison, belonging to N. A. McKinney.  On the same day the order was made, and said J. M. McCaskill as said guardian executed a deed to said lots to said McKinney as such guardian, and the exchange was made.  The proceedings were approved by said probate court, and N. A. McKinney entered into possession of the lots so conveyed to him.

The present suit was brought by Elva E. McCullar, Hugh G. McCaskill and Mary B. McCaskill by 'her next friend, Hugh G. McCaskill, **against said J. M. McCaskill** and N. A. McKinney to cancel and set aside said deed.

The defendant J. M. McCaskill failed to answer, but made default. The defendant N. A. McKinney answered and admitted that the exchange was made pursuant to the order of the probate court upon the application of the guardian of the plaintiffs herein; but averred that the exchange was made in good faith, and that said guardian received the full value of said lots, and used the same for the benefit of said minors.

The chancellor, after hearing the evidence introduced, found in favor of the plaintiffs, and a decree was accordingly entered, cancelling the deed of said guardian to said McKinney, and that the possession of said premises be restored to said plaintiffs. The defendant McKinney has duly prosecuted an appeal to this court.

In the case of *Meyer* v. *Rousseau,* 47 Ark. 460, the court held that the probate court has no power to order the lands of a minor to be exchanged for other lands. The decision has never been overruled, and settles the present case. That case decided that an exchange of a minor's lands by a guardian under an order of the probate court was not a sale of them and said: "Under no state of facts is the probate court author-ized by the statute, so far as we have been able to discover, to order the lands of a minor to be exchanged for other lands. The order of the Lincoln Probate Court directing an exchange of appellee's lands for other lands is void."

There is no evidence that the plaintiffs were ever in pos-session of the exchanged lands, or that they received any bene-fits therefrom; consequently, as was said in the case of *Meyer* v. *Rousseau, supra,* they are not estopped from disputing the validity of the exchange.

It is true that $150 was paid to the guardian of the plaintiff in the exchange, but this was paid to him before the order of court authorizing the exchange was made, and personal security therefor was required and given. Besides, the guardian says that only a small part of it was used for the benefit of the minors, and the amount so used is not shown.

Therefore the decree will be affirmed.

### ON REHEARING.

Hart, J.   The chancellor found that the rental value of the property exchanged by the guardian of appellees was $7 per month, and rents were allowed by him from December 17, 1904, the date of the exchange.   He found the amount to be $478, and the decree provided for the payment of that sum by appellant to appellees.   This was a clerical mistake.   A calculation will show that the amount due, figured on the same basis as that adopted by the chancellor, will show the amount to be $378.

When appellant went into possession of the property, the barn and garden fence had entirely rotted away.   The dwelling house itself was badly out of repair, and portions of it decayed. The roof and floors of the porch had rotted away.   The roof of the house itself was in a bad state of repair.   The steps and one of the sills had rotted away.   Altogether the premises were in such dilapidated condition that they were unfit for habitation. Appellant weatherboarded and ceiled the house.   He re-covered the porch and repaired the floors and the roof of the house, and dug a well, and repaired the fences.   These repairs, he says, were worth at least $300.

The rental value of the place from the time appellant went into possession of it until the date of the commencement of the suit amounted to $182.   Appellant is entitled to setoff the repairs made by him against these rents, and appellees will be only allowed to recover rents from the date of their demand for possession, which was the date of the commencement of the suit.   The value of the rents will be fixed at the rate allowed by the chancellor, that is to say, at $7 per month.   This is done in application of the maxim that he who seeks equity must do equity.   It must be remembered that appellees, and not the aplant, are the actors in the present suit, and that they have come into a court of equity to establish their rights to the property itself.   The repairs made by appellant were necessary in order to render the premises inhabitable, and they were made under a *bona fide* belief that he was the owner thereof.   Hence he should, upon principles of justice and equity, be allowed to set them off against the rents up to the date of demand of possession by appellees, which as we have already seen was the date of the commencement of the action.

"Minors are not liable for permanent and valuable improvements placed on their homestead. They can not be improved out of their homesteads; nor can the occupants be lawfully charged an increased rent on account of their improvements. In the absence of a contract, the occupants should be allowed a reasonable compensation for necessary repairs, and charged with such rents for the premises as they would have yielded without the improvements." *Sparkman* v. *Roberts,* 51 Ark. at p. 32, and cases cited. To the same effect see *Gatlin* v. *Lafon, post* p. 256; 3 Pomeroy's Equity Jurisprudence (3 ed.), § 1241, and cases cited; *McDonald* v. *Rankin,* 92 Ark. 173, where this principle of equity is recognized.

The minors never received the $150 paid their guardian in exchange for their property, and of course are not now in possession of it. Therefore they are not bound to restore it. *Meyer* v. *Rousseau,* 47 Ark. at p. 464; *Stull* v. *Harris,* 51 Ark. 294.

Under the opinion on rehearing, appellees were only entitled to recover rents to the amount of $192.50, and to that extent the rehearing is granted, and the former decree modified. In all other respects the motion for a rehearing will be denied.