ROBERTSON v. COOPER.

Opinion delivered May 22, 1922.

1. GUARDIAN AND WARD—EXCHANGE OF MINOR'S LAND—JURISDICTION. —Probate courts are without jurisdiction to order the lands of a minor exchanged for other lands; hence such an order is void.

2.  CANCELLATION OF INSTRUMENTS—LACHES.—A suit brought on
    April 5, 1916, to cancel a deed executed on June 7, 1880, by
    plaintiff's guardian purporting to convey plaintiff's half interest
    in some land which had been assigned as dower to plaintiff's
    mother, who died in August, 1915, was not barred by laches or
    limitation, as plaintiff's cause of action did not accrue until
    her mother's death.

3.  GUARDIAN AND WARD—RATIFICATION BY WARD OF UNAUTHORIZED
    EXCHANGE.—In an action brought in 1916 to cancel an unauthor-
    ized deed executed by plaintiff's guardian in 1880 in exchange for
    other lands, where plaintiff attained her majority in 1884, sold
    part of the realty received in the exchange, and continued to
    use and enjoy part of it for 35 years, *held* that she ratified the
    unauthorized sale because, although she had full knowledge
    of the facts, she did not offer to return the property within
    a reasonable time after reaching majority.

Appeal from Lee Chancery Court; *A. L. Hutchins,*
Chancellor; affirmed.

*Mann & McCulloch,* for appellant.

1.  The probate court was without jurisdiction to au-
thorize the guardian to exchange the lands of the ward for
other land; and, since this is true, and the alleged ex-
change of land was never reported to or approved by the
probate court, his deed to Hutton, appellee's source of
title, was void. 71 Ark. 218; 33 *Id.* 425; 47 *Id.* 460; 95 *Id.*
164; *Id.* 256; 61 *Id.* 80.

2.  The deed being absolutely void, and not merely
voidable, the defenses of laches, estoppel and ratification
are not available to appellees to divest the title out of
the appellant. 108 Ark. 154.

3.  It was not within the power of appellant to
repudiate effectively the exchange prior to the termina-
tion of the life estate, nor, prior to that time, was it in-
cumbent on her to take action. 123 Ark. 35; 52 *Id.* 341.

*Daggett & Daggett,* for appellees.

1.  Appellant reached her majority in 1884, when,
notwithstanding coverture and outstanding dower, it was
her privilege to affirm or repudiate the guardian's deed
made for her. Her actions subsequent to that date
amount to an affirmance. 95 Ark. 74; 122 *Id.* 530; 103 *Id.*
312; 115 *Id.* 1.

2. Having accepted the benefits of the deed from Hutton by appropriating the proceeds from the sale of part of the lands and retaining certain of the tracts conveyed to her, appellant cannot now repudiate her contract without offering to restore the consideration, at least to the extent the same now remains in her hands. 14 R. C. L. § 20; 39 Ark. 293; 51 *Id.* 294; 52 *Id.* 150; *Id.* 207; 136 *Id.* 237; 90 *Id.* 351.

3. Appellant is barred by laches in failing to bring suit within a reasonable time after becoming of age. 121 Ark. 615.

HUMPHREYS, J.   This is an appeal from a decree of the Lee Chancery Court on appellee's cross-bill, canceling the purported right, title and interest of appellant in and to the southwest quarter of section 9 and the north half of the south half of section 8, township 3 north, range 2 east, in said county, and setting aside same as a cloud on appellee's title thereto, which was rendered upon the following agreed statement of facts:

"Abner Beard, from whom all parties deraign title, died intestate in the year 1872, leaving surviving him his widow, Mary C. Beard, and two children, Ethel A. Beard, plaintiff in this cause, and James N. Beard as his sole heirs at law.  At the date of his death Abner Beard was seized in fee simple of the lands sued for, together with various lands in Lee County.  After the death of the said Abner Beard the lands sued for, together with other lands, were assigned to the widow, Mary C. Beard, as her dower, by proper order of the Lee Probate Court. That Ethel A. Beard, plaintiff in this cause, and Jas. N. Beard each inherited an undivided one-half interest in fee in all the lands owned by Abner Beard at the date of his death, subject to the rights of creditors of his estate and the dower right of his widow, Mary C. Beard, in certain lands.

"After the death of the said Abner Beard his widow, Mary C. Beard, qualified as administratrix and so continued until her marriage with S. C. Buckingham, who

then qualified as administrator *de bonis non* under orders of the Lee Probate Court, and as such administrator continued until the date of the institution of the proceedings in the Lee Chancery Court by Ethel Beard, a minor, by her next friend, H. N. Word.

"On December 17, 1872, Jas. N. Beard, one of the surviving heirs, conveyed his undivided one-half interest in all the lands of his father to Mary C. Beard. On January 7, 1880, Mary C. Beard, then Buckingham, conveyed her dower interest and the undivided interest acquired from Jas. N. Beard to H. N. Hutton.

"On January 5, 1880, Ethel A. Beard, then a minor over the age of 14 years, made application to the Lee Probate Court for the appointment of a guardian, and thereupon Luther Benham was duly appointed guardian of the said Ethel A. Beard. The said Luther Benham duly qualified as guardian and entered upon the discharge of his duties. On the same day Luther Benham as such guardian filed his petition in the Lee Probate Court praying the conveyance of the reversionary interest of his ward in the lands sued for to H. N. Hutton, in consideration of which the said H. N. Hutton would convey his interest in other lands to the said Ethel A. Beard.

"The probate court entered an order authorizing the conveyance. Thereupon the said guardian conveyed all interest of the said Ethel A. Beard in and to the lands sued for to H. N. Hutton. On the same day H. N. Hutton conveyed to the said Ethel A. Beard all his interest in the lands acquired by his deed from Mary C. Beard, with the exception of the lands sued for herein. It is agreed that the said deed is in due legal form and is sufficient to vest the title to the lands therein described, subject only to the rights of creditors of Abner Beard, deceased, in Ethel A. Beard.

"On November 17, 1877, the said Ethel A. Beard, by her next friend, filed her complaint in the Lee Chancery Court against S. C. Buckingham, as administrator *de bonis non,* and certain creditors of the said estate, in

which she prayed that the administration be opened and that said accounts be corrected, and that a receiver be appointed to take charge and manage said estate. That H. B. Derrick was by order of said court appointed receiver. On May 11, 1878, the chancery court directed the receiver to pay the plaintiff, Ethel A. Beard, the sum of $80 for board, tuition and clothing, which was done. That upon decree of chancery court the said receiver advertised all the lands belonging to Abner Beard, at date of his death, for sale for the payment of debts of said estate. That said sale was duly held and on May 9, 1882, said receiver filed his report of sale and said report was duly approved and confirmed. That at said sale Luther Benham, guardian, purchased the NE ¼ 14-3-2, and the said Ethel A. Beard has been the owner and in possession of said land since the date of sale. That on May 17, 1883, the said receiver made his final report in said cause, and upon order of the court paid over to Luther Benham as guardian of Ethel Beard the funds then remaining in his hands, and said receiver was then discharged.

"That partition of lands ordered by the probate court in Lee County, between Ethel Beard and H. N. Hutton, was never confirmed by said court, but the said guardian subsequently filed his first, second and final settlements, which were approved, and guardian finally discharged on May 29, 1884.

"The lands conveyed by Hutton to Ethel A. Beard were sold by said receiver in the manner hereinbefore set out for the purpose of satisfying the claims of creditors of the estate of Abner Beard, except the following lands: NE of 4-3-2 was not sold, and has been in the actual possession of the plaintiff from the date of her purchase from Hutton until the present time, claiming and receiving the entire rents and profits therefrom. The east half of S. E. of 14 was not sold by the receiver, but was sold to V. M. Harrington on June 11, 1883, for taxes of 1882. The frl. part of S. E. of 13-3-2 was not sold by said receiver, but was sold and conveyed by a warranty

deed to W. A. Andrews by Ethel Beard (then Robertson) on February 21, 1890.

"H. N. Hutton took possession of the lands sued for during the year 1880, and on January 8, 1880, sold and conveyed the same to R. M. Banks. That on February 22, 1886, R. M. Banks conveyed said lands to David H. Stayton. That on January 26, 1892, David H. Stayton conveyed said lands to Julius Lesser. That Julius Lesser, on September 12, 1906, conveyed said lands to G. W. Cooper.

"It is agreed that all of said deeds are in due and legal form and properly executed. That Hutton and his grantees have held actual, open, notorious and peaceable possession of said lands, claiming under said deeds from the dates thereof to the present time, under the belief that they were owners thereof; that all of said conveyances are *bona fide;* and that G. W. Cooper purchased under the belief that the order of the Lee Probate Court authorizing the conveyance of Ethel Beard to H. N. Hutton was a good and valid order.

"It is agreed that George W. Cooper has departed this life, leaving surviving him his widow, Tina Cooper, and his minor daughter, Jessie Cooper; that the said Tina Cooper afterwards married one Taggart and thereafter was adjudged insane, and that Elgan C. Robertson is her duly appointed guardian. That Chas. McKee is the duly appointed and acting administrator of the estate of George W. Cooper, and that D. S. Clark is the duly appointed, qualified and acting guardian of the person and estate of Jessie Cooper, minor.

"That Mary C. Buckingham, widow of Abner Beard, died in August, 1915. That Ethel A. Beard, now Robertson, plaintiff herein, was born October 25, 1866; that she married E. D. Robertson on May 16, 1888, and has been ever since and is now a married woman; that she lived in Lee County continuously from the date of her birth until September, 1887, at which time she moved to Wynne, Arkansas, and resided there until October, 1915;

when she returned to Lee County, where she has since resided.''

Before the submission of the cause to the court the following substitution of parties was made: The death of G. W. Cooper, party defendant, was suggested to the court, and the cause was revived in the name of Tina (Cooper) Taggart, widow of G. W. Cooper, deceased, and Jessie Cooper, his sole heir at law. Thereafter Tina (Cooper) Taggart was judicially declared insane, and upon proper notice Elgan C. Robertson, her duly appointed guardian, was made party defendant. The said E. C. Robertson, guardian of Tina (Cooper) Taggart, filed answer prior to the submission of this cause. D. S. Clark, legally appointed guardian of Jessie Cooper, entered his appearance and filed answer, in which he adopted the answer previously filed by G. W. Cooper. Chas. McKee, duly qualified and acting administrator of the estate of G. W. Cooper, deceased, entered his appearance and filed answer, adopting the answer previously filed by G. W. Cooper.

The agreed statement of facts reflects that the undivided one-half interest in the lands sought to be recovered by appellant was inherited by her from her father, who died intestate in the year 1872, leaving him surviving his widow, Mary C. Beard, and his two children, appellant and James N. Beard, his sole heirs at law; that the lands in question, along with other lands belonging to the estate, were set aside to the widow as her dower interest therein; that H. N. Hutton acquired the interests of James N. Beard and Mary C. Beard by purchase January 7, 1880, and procured a deed from appellant's guardian to her undivided one-half interest therein, in exchange for Hutton's undivided one-half interest in 1321 acres of other lands formerly belonging to said estate, which Hutton had also acquired by purchase from Mary C. Beard and James N. Beard; that G. W. Cooper obtained title to the lands in question, through mesne conveyances, from H. N. Hutton; that all the lands conveyed by Hutton

to appellant in exchange with her guardian for her undivided one-half interest in the lands in question, except the northeast ¼ of section 14 and the east half of the southeast ¼ of section 14, and a fractional five acres of the southeast ¼ of section 13, township 3 north, range 2 east, in said county, were sold under an order of court to pay the indebtedness against said estate; that in 1890 appellant sold said east half of the southeast ¼ of section 14 and a fractional part of the southeast ¼ of section 13 to W. A. Andrews, and that she had retained and enjoyed the benefit of the said northeast ¼ of section 14; that appellant attained her majority on the 25th day of October, 1884, and married May 16, 1888; that her mother, Mary C. Beard, died in August, 1915. This suit was instituted on the 5th day of April, 1916.

The questions presented on the issues joined for determination on this appeal are, the validity of the deed to the lands in question executed by appellant's guardian to H. N. Hutton, and, if void, whether appellant was barred by limitation and laches from a recovery thereof, and, if not, whether she impliedly ratified the void sale of said lands by her guardian by retaining a part of the lands acquired by her in exchange therefor.

(1) Under the rule announced in *Meyer* v. *Rousseau,* 47 Ark. 460, and approved in *McKinney* v. *McCullar,* 95 Ark. 164, probate courts are without jurisdiction in this State to order an exchange of a minor's lands for other lands. The exchange of appellant's undivided one-half interest in the lands in question to H. N. Hutton by her guardian was therefore without authority and void.

(2) Appellant was not barred by limitations or laches, as her right of action for recovery of the lands did not accrue until her mother's death in 1915, said lands having been assigned, along with other lands, to her mother as her dower in the estate of appellant's father.

(3) This court is committed to the doctrine that a ward will ratify the unauthorized acts of his guardian by

long acquiescence therein, provided the ward has full knowledge of all facts and circumstances surrounding the transaction. The following announcement, in substance, was made by this court in the case of *Davie* v. *Davie,* (*post* p. 633, quoting syllabus 2): ''Where a guardian sells the land of an infant ward without authority, and the money is applied to the ward's use, the fact that the ward does nothing to disaffirm the sale for nearly seven years after she becomes of age must be deemed a ratification of the sale.'' The principle with reference to the affirmance or disaffirmance of infants' contracts when they attain their majority was applied by this court in the last cited case to the unauthorized or void act of a guardian relating to a contract for the conveyance of his ward's real estate. Appellant, who attained her majority in 1884, should have, within a reasonable time thereafter, offered to return the property in her possession at that time, which she had received in exchange for the property in question. Instead of doing this, she sold a part of the real estate and retained 160 acres, and for more than 35 years has enjoyed the use and benefit thereof. By these acts she must be held to have ratified the unauthorized and void sale by her guardian of the lands in question.

No error appearing, the decree is affirmed.