St. Francis County v. Lee County.

---

ST. FRANCIS COUNTY v. LEE COUNTY.

1. PRACTICE IN SUPREME COURT: *When judgment of trial court presumed right.*
    Where all the facts are not before the appellate court, the presumption is that every fact susceptible of proof which could aid the appellee's case was established by the evidence.

46   67<br>58   401<br>46   67<br>74   553

APPEAL from *Lee* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.
*Weatherford & Estes, Sanders & Husbands*, for appellant.
*J. P. Brown, J. M. Hewitt*, for appellee.

COCKRILL, C. J.   St. Francis county instituted proceed-
ings in the manner pointed out by the act of March 17,
1873, which created Lee county, to ascertain and fix the
*pro rata* of the indebtedness of the old county to be borne
by the new, for the territory derived by the latter from the
former.   The demand of St. Francis was resisted, and the
matter went by appeal into the Lee circuit court, where
judgment was rendered adjusting the matter to the satis-
faction of both counties, except as to the railroad debt of
the mother county.   As to that, judgment was rendered in
favor of Lee, the judgment record reciting that the cause
was submitted to the court upon the pleadings and evi-
dence, and that the court found the fact to be that no por-
tion of the indebtedness of St. Francis county arising upon
the subscription to stock, or the issue of bonds to the rail-
road, was a debt of Lee county.   As the sixth section of
the act provides that Lee shall share the burden of the
debt of the mother counties existing at the date of its crea-
tion, the finding of fact set forth in the judgment was
tantamount to finding that St. Francis was not indebted on
the account stated at the time Lee was created.

After the court had made a special finding of facts and
declared the law thereon, but before judgment was entered,
the counsel for St. Francis county filed a motion asking for
time to bring in additional proof.   The court refused to
grant the request, the judge stating to counsel in doing so,
that if the evidence of the facts stated in their motion were
before him, the court would adhere to its conclusions upon
the law of the case.   St. Francis county brought this mo-
tion upon the record by bill of exceptions, and set forth
the action of the court above recited.   The bill of excep-
tions contained none of the evidence referred to in the
judgment, and no reference is made to it; it contains no
finding of facts, no declarations of law, no motion for a

new trial, no exception saved to any ruling of the court except as to the motion first mentioned.

The court had jurisdiction of the subject-matter and of the parties, and no error appears upon the face of the record proper; nothing is therefore presented for our consideration except the refusal to grant the appellant further time to present testimony. *Smith v. Hollis, ante, 17,* and cases there cited; *Hall v. Bronville, 36 Ark., 491.*

It is not contended that the court abused its discretion in overruling this motion, but it is argued that the judge treated the case as though the omitted evidence had been actually introduced, and the facts stated in the motion embodied in the findings of fact made; and that we should consider it in that light. If we should conclude that this was the intention of the circuit judge, and should adopt the practice indicated, it would not aid the appellant's case.

We cannot presume the new evidence offered covered the entire ground of the proof in the case. It is not pretended that it does, and if the matter presented by the motion were treated as proved, the presumption would still prevail that the judgment was sustained by the evidence. Where all the facts are not before the appellate court, the presumption is that every fact susceptible of proof in the proceeding sought to be reviewed which could aid the appellee's case, was established by the evidence. *McKinney v. Demby, 44 Ark., 74; Mansf. Rev. St., sec. 5160 and note (h. h. h.); Hague New Trial and App., p. 685.*

Affirm.