FORDYCE *v.* MCPHETRIGE.

Opinion delivered April 18, 1903.

COMPROMISE—ATTORNEY'S FEE.—Under act of April 4, 1899, providing
   that transfers of any cause of action or of any interest therein
   shall be in writing and acknowledged and filed with the papers,
   and that the substance thereof shall be entered on the docket, and
   that, in case the plaintiff and defendant compromise any suit after
   the same is filed where the fees to be paid to the attorney are con-
   tingent, the attorney for the party receiving the consideration for
   the compromise shall have a right of action against both parties
   for a reasonable fee, *held*, where the attorney of a plaintiff who
   compromised his suit with the defendant seeks to recover from
   such defendant a reasonable fee, alleging that he had a contract
   for a contingent fee, the complaint should allege that the contract
   was made, filed and noted on the docket, as required by the statute.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

The plaintiffs, McPhetrige & Johnson, sued S. W. Fordyce
and Webster Withers, as receivers of the Kansas City, Pittsburg &
Gulf Railroad Company, and Joseph Gudgel, and allege in sub-
stance:

That plaintiffs, engaged in the practice of law, were employed
by Joseph Gudgel to prosecute a claim for personal injuries re-
ceived by said Gudgel in the employ of the railroad company; that
by reason of the said employment the said McPhetrige & Johnson
filed a complaint in the Polk circuit court in favor of said Gudgel
against the railroad company for the sum of two thousand dollars,
and agreed with Gudgel to prosecute said suit to judgment, and,
to accept in payment therefor for their services a portion of the
amount recovered. That, pending said suit, the railroad company
was, by order of the federal court, placed in the hands of Fordyce
and Withers, as receivers, and that the railroad is still in the hands
of said receivers. That defendants, Fordyce and Withers, com-

promised and settled with their co-defendant, Joseph Gudgel, the claim he had against the said road growing out of the result of the injuries complained of; that said settlement was made without the knowledge and consent of plaintiffs, and that by reason of said settlement plaintiffs were deprived of compensation for their services in said suit. And that plaintiffs' services rendered the said Gudgel were reasonably worth the sum of two hundred and fifty dollars.

A demurrer to the complaint was overruled. Judgment for plaintiffs was recovered. Defendants have appealed.

*Lathrop, Mound, Fox & Moore, Read & McDonough,* for appellants.

The act under which suit was brought is invalid. 40 Ark. 200; Const. art. 5, § 21; 91 Ind. 549; 32 Ark. 414; 23 Am. & Eng. Enc. Law, 165; 54 Ala. 612; 21 Pac. Rep. 472; 31 Atl. 1072; 32 Pac. 717; 55 N. W. 869; 18 So. 844; 1 Pac. 145; 45 Pac. 665; 42 Pac. 100; 65 N. W. 873; 66 N. W. 1010; 36 S. W. 614; 47 Pac. 675; 18 So. 290; 76 N. W. 993; 58 Ark. 407. The act is invalid because it denies the right of compromise and deprives appellants of their property without due process of law. 1 Abb. Prac. 129; 45 Barb. 324; 29 Atl. 651; 65 Ala. 193; 17 So. 721; 38 N. W. 289. An attorney's fee is a penalty. 62 Me. 24; 2 Ark. 291; 31 Pac. 177; 36 A. Rep. 309; 35 Pac. 47; 34 Pac. 264; 21 Pac. 416; 20 Pac. 314; 21 Pac. 994; 22 Am. St. 143; 40 Pac. 840; 36 Hun, 407; 33 Ark. 816; 32 Ark. 132; 71 Fed. 931.

HUGHES, J. This is an appeal from a judgment given for $75 for an attorney's fee under the act of April 4, 1899. The act is as follows:

"An act to authorize and regulate the sale and transfer of judgments and of causes of action upon which suit has been brought.

"*Be it enacted by the General Assembly of the State of Arkansas:*

"Section 1. The sale of a judgment, or any part thereof, of any court of record within this state, or the sale of any cause of action, or interest therein, after suit has been filed thereon, shall be evidenced by a written transfer, which, when acknowledged in the form and manner required by law for the acknowledgment of deeds, may be filed with the papers of such suit, and, when thus filed by the clerk, it shall be his duty to make a minute of said transfer on the margin of the record of the court where such judgment of said court is recorded, or, if judgment be not rendered

when said transfer is filed, the clerk shall make a minute of such transfer on the docket of the court where suit is entered, giving briefly the substance thereof, for which service he shall be entitled to a fee of twenty-five cents, to be paid by the party applying therefor; and this act shall apply to any and all judgments, suits, claims and causes of action, whether assignable in law and equity or not. When said transfer is duly acknowledged, filed and noted as aforesaid, the same shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not. In case the plaintiff and defendant compromise any suit for liquidated damages or any other cause of action after same is filed, where the fees or any part thereof to be paid to the attorney for the party plaintiff or defendant are contingent, the attorney for the party plaintiff or defendant receiving a consideration for said compromise shall have a right of action against both plaintiff and defendant for a reasonable fee, to be fixed by the court or jury trying the case.

"Section 2. This act shall take effect and be in force from and after it passage."

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and it was also contended that the act under which this suit was brought had not been properly passed; that it was not introduced by bill, as required by the constitution; also that it embraced more than one subject; also that the act was amended on its passage through the house, so as to change its original purpose, contrary to the constitution of the state of Arkansas, etc.

But, passing over any of these objections without discussion, we find that the appellants demurred to the complaint, and asked the court to instruct the jury of the trial to find for them, which the court refused to do, to which they excepted. The complaint does not allege that the appellees took an assignment of their interest in the cause of action, in accordance with the terms of the act of April 4, 1899, *supra.* No judgment had been rendered. A complaint had been filed. According to the terms of this act, they should have taken a transfer of an interest in the action in writing, and filed it with the papers in the case, and have caused a note of such transfer, or the substance thereof, to be made upon the docket of the case by the clerk of the court. When said transfer is duly acknowledged, filed and noted as aforesaid, the same shall be full

notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not. The complaint failed to state that the plaintiffs had complied with this requirement of the act, and there is no evidence that it was complied with.

There is no cause of action stated or shown, for which failure the judgment is reversed, and the cause is remanded for a new trial.