Kansas City, Fort Scott & Memphis Railroad Company. *v.* Joslin.

Opinion delivered March 25, 1905.

1. Attorney's contingent interest in suit—notice.—In a suit by the attorney of one of the parties to a former suit, which has been compromised, to recover his fee from the opposite party, under Kirby's Digest, § 4457, the plaintiff should allege and prove that the defendant had either actual or statutory notice of the fact that plaintiff had a contingent interest in the cause of action involved in the former suit. (Page 552.)

2. Appeal—failure to bring up evidence—presumption.—Where the bill of exceptions does not affirmatively or inferentially show that it contains all the evidence, the rulings of the court on evidence, instructions, etc., are presumed to be correct. (Page 553.)

Appeal from Craighead Circuit Court, Jonesboro District.

Felix G. Taylor, Judge.

Reversed.

*L. F. Parker, J. T. Woodruff* and *W. J. Orr,* for appellant.

The demurrer to the complaint should have been sustained. Acts 1899, p. 154; 73 S. W. 1096. A verdict for defendant should have been directed. 84 N. W. 342; 29 Fed. 614; 21 S. W. 1047; 62 S. W. 712; Minor, Confl. Laws, 371; 54 Am. St. 45; 45 Ark. 420; 47 Ark. 378; 80 N. W. 779; 21 Ia. 523; 49 N. E. 222.

Hill, C. J. Joslin, an attorney, sued the railroad company for a reasonable fee claimed to be due him because the railroad company had compromised with a client of his a suit in which he had an interest under a contract with the client. The action is predicated on section 4457, Kirby's Digest. The railroad company demurred to the complaint, which was overruled, and it excepted, and, after a judgment against it, the ruling of the court on the demurrer was assigned as error in the motion for new trial. The complaint did not allege that the contract assigning the plaintiff an interest in the cause of action was acknowledged, filed with the papers in the case, and noted of record. The court in the recent case of *Fordyce* v. *McPhetrige,* 71 Ark. 327, held that such a complaint was fatally defective. There is however, a question in this case which did not arise in *Fordyce* v. *McPhetrige,* and that is whether actual knowledge of the attorney's interest in the cause of action dispenses with the acknowledgment of the instrument, its filing with the papers, and noting it of record. In this case the railroad company pleaded the contract between Joslin and his client, and sought to avoid it, and it appears that it also pleaded it in the suit which is compromised, thereby showing it had actual knowledge before

the suit was dismissed. But it is not alleged in the complaint in this case that the railroad company had knowledge of the contract before it compromised with Joslin's client. The act in question provides that when any person files the assignment mentioned with the papers, and causes it to be noted of record, then "the same shall be full notice, and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not." The act thus far is providing a method of notice to protect all persons having interests in causes of action and judgments, and thereafter it provides that if a plaintiff and defendant compromise any suit during its pendency, where the fees to be paid the attorney of the party receiving a consideration are contingent, such attorney shall have a right of action against both plaintiff and defendant for a reasonable fee. The object —and only object—of these provisions touching the acknowledgment of the instrument, its filing among the papers, and noting of record, is to give notice, and such notice is conclusive. whether there is actual knowledge or not. If there is actual knowledge otherwise obtained, then the sole purpose of this part of the statute is fulfilled, in so far at least as attorneys having a contingent interest in the cause of action are concerned. This being fulfilled either by the statutory notice equivalent to actual knowledge, or actual knowledge itself, then, if the statute is otherwise applicable, the attorney's cause of action is complete.

It is, however, essential that either the statutory notice or actual knowledge be pleaded and proved. In this case neither was pleaded or proved.

Other questions are presented, but the bill of exceptions does not affirmatively show that it contains all of the evidence, nor is there any language therein used from which it is naturally and necessarily inferred that it contains all the evidence. In such case the rulings of the court on evidence, instructions, etc., are presumed to be correct. *St. Francis County* v. *Lee County* 46 Ark. 67; *Potter* v. *State,* 42 Ark. 30; *McKinney* v. *Demby,* 44 Ark. 74; *Ry. Co.* v. *Amos,* 54 Ark. 159; *Bowden* v. *Spellman,* 59 Ark. 251; *Liggett* v. *Grimmett,* 36 Ark. 496; *Hibbard* v. *Kirby,* 38 Ark. 102, and other cases.

The judgment is reversed, and the cause remanded with directions to sustain the demurrer, with leave to plead over.