### GATLIN *v.* LAFON.

#### Opinion delivered May 30, 1910.

1. EXCHANGE OF PROPERTY—WHAT CONSTITUTES.—Where a guardian of minors released his wards' interest in the homestead in consideration of a release by the widow of a tract of land assigned to her as dower for and during the minority of the wards or either of them, the transaction constituted an exchange of land. (Page 262.)

2. GUARDIAN AND WARD—EXCHANGE OF WARD'S LAND.—The probate court has no power to authorize a guardian to exchange the lands of his wards for other lands. (Page 262.)

3. HOMESTEAD—ABANDONMENT BY WIDOW.—By conveying the homestead to another, a widow will be held to have abandoned her rights therein, and the homestead thereupon became vested in the minor children. (Page 263.)

4. SAME—LIABILITY OF MINOR FOR IMPROVEMENTS.—Minors are not liable for permanent and valuable improvements placed by an occupant on their homestead; but, in the absence of a contract, the occupant should be allowed a reasonable compensation for necessary repairs, and charged with such rents for the premises as they would have yielded without the improvements. (Page 263.)

Appeal from Craighead Chancery Court; *Edward H. Mathes,* Special Chancellor; reversed in part.

*Lamb & Carraway,* for appellants.

The order of the probate court, if treated as a sale of the homestead of the minors, is valid. 65 Ark. 355. The probate court being of superior jurisdiction, the proceedings therein will be presumed to be regular. 26 Ark. 421; 51 Ark. 338. The allowance made by the court to Gatlin was proper. 33 Ark. 490; 40 Ark. 219; 48 Ark. 297.

*Basil Baker,* for appellee.

The exchange of the minors' homestead for other land was not a sale. 47 Ark. 460; 37 Ark. 412. It is the homestead interest, and not the fee that is protected. 29 Ark. 633; 37 Ark. 316; 47 Ark. 504; 49 Ark. 75; 53 Ark. 400; 64 Ark. 1. A guardian can not improve his ward out of a homestead. 47 Ark. 445; 55 Ark. 369; 61 Ark. 26. The court will not compensate a guardian who has earned only its disapproval. 23 Ark. 47.

*Lamb & Carraway,* in reply.

The order of the probate court was nothing more than a lease; and a lease is no more than a contract for the possession and profits of lands. 88 Mo. App. 434; 24 Me. 542; 7 Barb. 74; 5 How. Pr. 58; 59 Pac. 857; 28 Pac. 310; 32 N. E. 574; 101 U. S. 71; 39 U. S. 526.

BATTLE, J. On the 20th day of April, 1907, Maude Lafon filed, in Craighead Chancery Court, Western District, a complaint against A. E. Gatlin and sureties on his bond as guardian of plaintiff during her minority, and alleged substantially as follows: That T. T. Gatlin died on the first day of August, 1896, leaving V. F. Gatlin, his widow, who afterwards married R. H. Altman, and seven children, one of whom was the defendant, A. E. Gatlin, and three others, were Burton Gatlin, Myrtle Gatlin and Maude Lafon, born Gatlin, the plaintiff, who were minors.

"That at the date of his death T. T. Gatlin owned south half of southwest quarter, northwest quarter, and 14 acres on the west side of northeast quarter of southwest quarter of section 17; northeast quarter of northeast quarter of 18; west half of southeast quarter and southeast quarter of northwest quarter, and 8 acres on the north side of northeast quarter of southwest quarter and 32 acres on the north side of southwest quarter of northwest quarter of section 20; southwest quarter of section 21; and south half of southwest quarter of section 28; all in township 15 north, range 5 east—726 acres.

"That on August 28, 1896, the widow, V. F. Gatlin, became administratrix of the estate, and so continued until her marriage with Altman, when she made final settlement in the probate court, which was confirmed January 11, 1897. That A.

E. Gatlin, defendant, then became administrator, and later, July 12, 1898, A. E. Gatlin was appointed guardian of Maude Gatlin (now Lafon), plaintiff, and Myrtle Gatlin, minors; that the other defendants, C. L. Gregson and J. T. Gibson, and Vinson, were securities upon his bond as guardian.

"That, during the administration of the widow, dower and homestead were assigned, final order being made April 14, 1897, setting apart southeast quarter of southwest quarter of section 17, and northeast quarter of northwest quarter of section 20, township 15 north, range 5 east, as the homestead of the widow and minors, Burton, Maude and Myrtle, and northeast quarter of southwest quarter, and southeast quarter of northwest quarter, and northwest quarter of southeast quarter of section 20 were set apart to the widow as dower.

"That thereafter, while defendant Gatlin was acting as guardian, he, without right, 'made a pretended trade with the said V. F. Altman whereby the said A. E. Gatlin attempted to surrender and release unto the said V. F. Altman all the interest of his said wards in and to the land set apart as their homestead, and attempted to take in lieu thereof from the said widow, V. F. Altman, northeast quarter of southwest quarter of section 20, and at the January term of the probate court for the year 1899, the said court on the 9th day of January, 1899, attempted to approve and confirm the said pretended trade.

"That thereafter the widow abandoned the homestead and released the same to the defendant A. E. Gatlin who, while acting as guardian of plaintiff, entered into possession of the homestead, and has since held it without accounting to plaintiff for rents and profits.

"That the pretended trade or release between the widow and defendant A. E. Gatlin was fraudulent for the reason that the homestead consisted of 80 acres, and the land given to the minors under the trade or release was but 40 acres, and that plaintiff Maude Lafon should have been credited by her guardian, A. E. Gatlin, with one-third of the rents and profits of the homestead up to January 13, 1902, the date of the death of Burton Gatlin, and that thereafter she should have been credited with one-half of the rents and profits. That the homestead as originally set off, 80 acres, had a rental value of $3.50 per acre; that none of the minors had resided on it since its

alleged abandonment by the widow. That plaintiff was ready and willing to account for and be charged with rents and profits of northeast quarter of southwest quarter of section 20, and prayed that the settlements of A. E. Gatlin as guardian be restated, and that she have judgment against him for an amount found to be due; and that she have possession of an undivided one-half of the homestead until she arrived at the age of twenty-one years, and for other relief.

"An amendment to the original complaint was filed, the same being similar to the original except that it more specifically alleges the items rendering it erroneous, fraudulent and necessary to restate the account of the guardian, A. E. Gatlin, as shown in the several settlements, and further stating that some land in section 28-15-5 had been sold by the guardian for $150, which had not been accounted for in any settlement made by him; that land of the minor wards was sold to Robinson for $80, and not accounted for in the settlements.

"The answer admits the death of Gatlin, survival of the widow, and heirships alleged in the complaint; that V. F. Altman, widow, was appointed administratrix August 28, 1896; that she afterwards married Altman, filed her final settlement, which was approved January 11, 1897; that the defendant A. E. Gatlin then became administrator; that dower and homestead were assigned as alleged; denied that A. E. Gatlin, without power or authority, entered into the trade or made the release or surrendered any of the rights of his minors as alleged in the complaint; denied that the widow had abandoned her homestead rights; denied that any fraudulent or wrongful conduct on his part occurred, or that his settlements were erroneous or fraudulent; alleged that he became administrator and guardian solely on account of his regard and affection for the children and his interest in the estate; that he had undertaken to faithfully perform all his duties; and that he was equally desirous with the children that, if any mistake had occurred, it should be corrected; that all charges made by him against the minors were but a meagre compensation for the expense, trouble, annoyance and responsibility involved."

(The above is a copy of appellant's synopsis of the pleadings).

A master was appointed by the court to state an account between the parties, with leave to take proof.

The following were a part of the facts proved: T. T. Gatlin died on the first day of August, 1896, leaving heirs and children and widow, and seized and possessed of a homestead and other lands as stated in the pleadings. Three of his children, Burton Gatlin, Maude Lafon and Myrtle Gatlin were minors. Burton died on the 13th day of January, 1902, without issue; Maude was twenty years old in February, 1908, and Myrtle was eighteen years of age on the first day of April, 1908. A. E. Gatlin was appointed and qualified as guardian of Maude and Myrtle, and as such filed annual accounts in the probate court. Dower was assigned to the widow in the estate of her deceased husband.

It was also proved that A. E. Gatlin, as guardian of Maude and Myrtle Gatlin, attempted to exchange his wards' interest in the homestead for the interest of V. F. Altman, the widow of T. T. Gatlin, deceased, in one tract of forty acres of land that had been assigned to her as dower, for and during the minority of the wards or either of them. This was evidenced by an instrument of writing, "by the terms thereof," the record says, "said V. F. Altman, as widow of said T. T. Gatlin, releases to A. E. Gatlin, as such guardian, and his said wards for and during minority of said wards, or the minority of either of them, the northeast quarter of the southwest quarter of section twenty, township fifteen north, range five east, and the said A. E. Gatlin, as such guardian, releases to said V. F. Altman, for and during her natural life, the entire homestead of said T. T. Gatlin as the same has heretofore been assigned and set apart to said V. F. Altman as widow, and the minor heirs of said T. T. Gatlin; and it being further provided in said contract that the said V. F. Altman shall during the period of her life pay all taxes assessed against said homestead, and the said A. E. Gatlin, as such guardian, shall, during the period of minority of said wards or either of them, pay the taxes upon said northeast quarter of the southwest quarter of section twenty in township fifteen north, range five east." This exchange was submitted by the parties to the probate court, and was by it in all things confirmed and approved.

On the 29th day of May, 1900, V. F. Altman, in consideration of the sum of $700, conveyed to A. E. Gatlin all her right of dower and homestead in the entire estate of T. T. Gatlin, deceased. The deed was read as evidence in the hearing of the case.

The master, having heard the evidence adduced by both parties, stated an account between them, and returned it into court. He treated the exchange of the minor's interest in the homestead for an interest in other lands as void. He refused to allow an account for repairs, taxes and insurance filed by Gatlin with his deposition, he having already been allowed in his several annual settlements filed by him as guardian in the probate court a sum aggregating $54.84 for taxes, and $58.57 for repairs, which was allowed by the master in the account stated. He found the rental value of the homestead to be $200 per annum, repairs being made by the tenant, and charged the defendant, A. E. Gatlin, at that rate for the years 1898-9-1900, 1901, 1902, 1903, 1904, 1905, 1906 and 1907, and found that the amount owing to the plaintiff by the defendant A. E. Gatlin to be $1,030. Both parties filed exceptions to his report.

The report of the master and exceptions to the same were presented to the chancery court, and heard upon the pleadings, depositions and exhibits, and the court found:

That V. F. Altman, the widow of T. T. Gatlin, deceased, abandoned the homestead which had been set apart to her and the minor heirs of the deceased, and that such abandonment occurred on the 29th of May, 1900. That the master's finding as to the rental value of the homestead is excessive, and that the same ought to be reduced to $175 per year, and that the report should be restated so as to charge Gatlin at that rate for the years 1900, 1901, 1902, 1903, 1904, 1905 and 1906, and by consent at the same rate for 1907 and 1908. That the master's report should be restated so as to show a credit claimed by Gatlin of $542.64, same being amounts claimed by him for improvements and repairs, taxes and insurance up to date of April 21, 1908, which does not include $56 claimed for hauling manure. And the court found that upon a statement of account, according to its findings, the defendant Gatlin was indebted to plaintiff in the sum of $751.75, and rendered judg-

ment against him in her favor for that amount. Both parties have appealed.

Appellant Gatlin insists that the exchange of his wards' interest in the homestead for an interest in a tract of forty acres of land ought to be sustained; that such exchange on his part was a lease of his wards' interest in the homestead. It does not so appear in the record. He, as guardian, released his wards' interest in the homestead to Mrs. Altman for and during her natural life, in consideration of a release by her of a forty acres of land assigned to her as dower for and during the minority of his wards or either of them. The interest conveyed by the parties was for an indefinite period of time and as a whole, and was not conveyed as a compensation for use and occupation of land, but an interest for an interest, which is an exchange of property. *Meyer* v. *Rousseau,* 47 Ark. 460.

The Constitution of this State ordains: "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life; provided, that if the owner leaves children, one or more, said child or children shall share with said widow, and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's rights to cease at twenty-one years of age—and the shares to go to the younger children; and then all to go to the widow; and provided that said widow or children may reside on the homestead or not. And in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate." Const. 1874, art. 9, § 6. One of the objects of this provision of the Constitution is to "secure to the widow and orphans the family roof-tree as a fixed home during the widowhood or life of the widow and minority of the children." It sets it apart as a home and sanctuary for the widow and minor children in which they can always find the shelter, comfort and security of a home, and, for the purpose of preventing other persons from invading it under a claim of right, guards and protects it against sales and transfers of the land constituting it for the payment of the debts of the deceased owner, and forbids the partition of it between the widow and children. *Garibaldi* v. *Jones,* 48 Ark. 230; *Kessinger* v. *Wilson,*

53 Ark. 402; *Sansom* v. *Harrell,* 51 Ark. 429. It can not be lawfully exchanged for an interest in other lands to serve the same purpose; none other can do so.

In *Merrill* v. *Harris,* 65 Ark. 355, this court held that the interests of the minor in the homestead may be sold under an order of the proper probate court, where it is unavailable to him and his necessities demand the sale of it. Only in such cases did the court in that case justify the exercise of the power to sell.

The exchange made by the guardian and Mrs. Altman was null and void.

Mrs. Altman by the conveyance of the homestead to A. E. Gatlin, on the 29th day of May, 1900, abandoned her rights therein, and the same became vested in the minor children. Her rights in the same were personal, and could not be transferred. *Garibaldi* v. *Jones,* 48 Ark. 230; *Gates* v. *Steele,* 48 Ark. 539.

The right to surcharge and falsify the account of Gatlin, as guardian, is unquestioned. One of the grounds for doing so is the failure of the guardian to charge himself with proper amounts for rent of homestead and other property. The court in restating his accounts charged him in his account with plaintiff for rents of the homestead at the rate of $175 annually. After a careful reading of the evidence we find, according to the preponderance of the same, he should be charged at the rate of $200 annually for the years 1898-1907, both inclusive. The court allowed Gatlin in his accounts as guardian $542.64 for improvements and repairs, taxes and insurance. As to improvements and repairs this court said in *Sparkman* v. *Roberts,* 61 Ark. 27, 32: "Minors are not liable for permanent and valuable improvements placed on their homestead. They can not be improved out of their homesteads; nor can the occupants be lawfully charged an increased rent on account of their improvements. In the absence of a contract, the occupant should be allowed a reasonable compensation for necessary repairs, and charged with such rents for the premises as they would have yielded without the improvements. *McCloy* v. *Arnett,* 47 Ark. 456; *Reynolds* v. *Reynolds,* 55 Ark. 369."

According to the rule stated, cross appellant, Lafon, should be charged for improvements and repairs, and credited with rents.

The decree of the chancery court is reversed as to rental value of homestead and improvements and repairs, and judgment for $751.75, and in other respects is affirmed; and the cause is remanded with directions to the court to restate the account between the parties and render judgment in accordance with this opinion.