JOHNSON *v.* COMMONWEALTH BUILDING & LOAN ASSOCIATION.

Opinion delivered September 22, 1930.

*T. P. Oliver* and *Coulter & Coulter,* for appellant.

*Powell, Smead & Knox,* for appellee.

BUTLER, J. H. M. Johnson, some time prior to March 28, 1926, purchased a lot in El Dorado upon which was a dwelling and which, after his purchase, he occupied with his father and mother and a sister. On July 30, 1926, he borrowed $7,000 from the appellee association, to secure which he conveyed by mortgage the said property, representing to the mortgagee, and including in said mortgage the statement that he was an unmarried man. He agreed to pay to said association a stipulated sum each month, in default of which it was agreed that the mortgage might be foreclosed. Johnson failing to pay a number of said monthly installments, the association brought suit to foreclose the mortgage on May 28, 1929, alleging that since the execution of the mortgage Johnson had married; that Mrs. Jimmie Johnson (the mother of H. M. Johnson) claimed to have a deed to the property, and others who were named held mortgages executed by Mrs. Jimmie Johnson and the other defendants covering the property, and that still others claimed to have judgment

liens of some nature against said property all of whom were made parties defendant, and summons was duly issued and served upon the defendants on May 29, 1929.

The defendants, H. M. Johnson, T. E. Barton and the Exchange Bank & Trust Company filed their separate answers, but none of the other defendants, including Mrs. Ruth Johnson (the wife of H. M. Johnson) and Mrs. Jimmie Johnson, his mother, filed any answer.

On November 4th, the case was called for trial and H. M. Johnson and the Exchange Bank & Trust Company appeared and confessed the justness of the claim of plaintiff and their willingness that judgment be entered against said H. M. Johnson in favor of the plaintiff association for the amount sued for, and that said judgment be decreed a first mortgage lien on the property, and that the plaintiff have a decree of foreclosure. Thereupon the court found that Mrs. Ruth Johnson, Mrs. Jimmie Johnson, and the other defendants, save those named above who made answer, had been duly summoned but had failed to appear to make defense, and rendered a judgment against them by default and against the defendants who had answered on their confession and decreed a foreclosure of the mortgage and a sale of the property. From this decree no appeal was prosecuted.

Sale was made on December 6, 1929, at which the appellee association became the purchaser and on December 16, 1929, the said sale was confirmed. On January 5, 1930, a writ of assistance was procured, and on the 4th of February following H. M. Johnson, Mrs. Ruth Johnson and Mrs. Jimmie Johnson filed their motion to quash the writ of assistance and for a bill of review, alleging that the decree was taken by default, that Mrs. Ruth Johnson at the time of the execution of the mortage was the wife of H. M. Johnson, that the property contained in the mortgage was their homestead, and that she did not join in the execution of the mortgage which rendered the

same void, and asked that the decree of foreclosure be set aside and the bill of foreclosure be dismissed.

The appellee association responded controverting the allegations of the petition, and on a trial of the issues the petition to quash the writ of assistance and for bill of review was overruled, from which order and decree of November 4, 1929, the petitioners (appellants) have prosecuted this appeal and filed a supersedeas bond February 14, 1930.

The appellants insist that under § 5542 of Crawford & Moses' Digest, providing that no mortgage affecting the homestead of any married man shall be of any validity except for taxes and other liens and the purchase money, unless his wife joins in the execution of such instrument and acknowledges same, and, by virtue of our decisions construing said statute, the mortgage under which appellee claims was and is void, and that the decree of foreclosure and the order made denying the petition for bill of review should be reversed and set aside.

The law is well settled as contended for by the appellants, but the appellee takes the position that the appellants may not benefit thereby for a number of reasons: first, that appellants have failed to comply with rule 9 by not having furnished an abstract of the pleadings and testimony; second, that the proof fails to show the property involved to have been the homestead of H. M. Johnson; third, that H. M. Johnson and Mrs. Jimmie Johnson are estopped from asserting the invalidity of the mortgage; fourth, that whatever rights Mrs. Ruth Johnson might have had are precluded by a decree of divorce; and, fifth, that having been made parties to the foreclosure proceeding and duly summoned to answer and having failed to do so, and no errors appearing upon the face of the record, the decree of November 4, 1929, as to them was *res judicata*.

## I.

In the statement of the case the declaration is made that the facts are not in dispute, and in each fact stated there is a reference to the transcript for its verification. The facts appear to be fairly well stated, and indeed the appellee makes no complaint of any misstatement, and we therefore conclude that there was a sufficient compliance with rule 9.

Our decision on points Nos. 3 and 4 is decisive of the questions involved, and therefore it will be unnecessary to discuss or decide the questions raised by points Nos. 2 and 5.

## II.

On the trial of the issues joined on the petition for the quashing of the writ of assistance it was disclosed that, although H. M. Johnson represented himself to be a single man on July 30, 1926, in fact he was not. On March 26, preceding, in Ruston, Louisiana, he married Miss or Mrs. Ruth Davis. Just when he began to live with her after the marriage or where is not shown, but on January 29, 1927, in a divorce proceeding instituted by Mrs. Ruth Johnson against H. M. Johnson, in which he failed to appear and make defense, she obtained a decree of divorce and on October 10, 1927, following, she and H. M. Johnson were remarried. On January 16, 1928, they jointly conveyed the property in controversy to appellant, Mrs. Jimmie Johnson, mother of H. M. Johnson, by deed of general warranty, who, on December 17, 1928, to secure a loan of $4,200, executed a mortgage to the Exchange Bank & Trust Company in which she specifically stated that "this mortgage is subject and inferior to a certain mortgage executed on the 30th day of July, 1926, by H. M. Johnson, unmarried, to Commonwealth Building & Loan Association covering the above land and of record in the office of the recorder of Union County, Arkansas, in book No. 225, page No. 155."

If, at the time of the conveyance by H. M. Johnson and Ruth Johnson, his wife, to Mrs. Jimmie Johnson, Mrs. Ruth Johnson had any interest in or right to the property as her homestead this right was abandoned by virtue of said conveyance to Mrs. Jimmie Johnson. *Burel* v. *Baker*, 89 Ark. 168, 116 S. W. 181; *Gatlin* v. *Lafon*, 95 Ark. 256, 129 S. W. 284; *Bowen* v. *Black*, 170 Ark. 237, 279 S. W. 782. Consequently, thereafter, and at the time of the filing of the petition aforesaid, she had no right or interest in the property, and was therefore not a proper party to the proceedings.

As a privy in estate is one who takes title to the property in question by purchase or by conveyance, Mrs. Jimmie Johnson, by reason of the conveyance to her by H. M. Johnson, became his privy in estate. 50 C. J. 407, sec. 3; *Collum* v. *Hervey*, 176 Ark. 714, 3 S. W. (2d) 993, and, while Mrs. Ruth Johnson, as the wife of H. M. Johnson, was not bound by the false representation of Johnson in the procurement of the loan and the execution of the mortgage to secure the same, Mrs. Jimmie Johnson, by reason of her privity in estate, was and is bound. Therefore, as H. M. Johnson, although the owner of a homestead, having conveyed it on the representation that he was single, would have been and is estopped to now claim otherwise, so also is Mrs. Jimmie Johnson because of her privity in estate. *Mason* v. *Dierks Lumber Co.*, 94 Ark. 107, 125 S. W. 656, 26 L. R. A. N. S. 574, and cases cited. Mrs. Jimmie Johnson also expressly and falsely represented that H. M. Johnson was unmarried at the time of the execution of the mortgage to the appellee company by a recital in the mortgage made by her to the Exchange Bank & Trust Company, where a statement to that effect was reiterated.

Our conclusion on this proposition necessitates the affirmance of the decree of the court below, but on the fourth point raised we conclude that the rights of Mrs. Ruth Johnson to the homestead was divested by the de-

cree of divorce rendered January 29, 1927, for in that decree, which was offered in evidence in the case, there is a recital that on the representation of plaintiff's attorney the matters of property right and alimony had been settled. The effect of this decree of divorce was to divest Mrs. Johnson of all dower and homestead rights so that then and thereafter H. M. Johnson was the owner as if he had always been a single person. See *Taylor* v. *Taylor*, 153 Ark. 206, 240 S. W. 6; *Moore* v. *Warren*, 160 Ark. 629-630, 255 S. W. 306; *Oliver* v. *Halley*, 170 Ark. 763, 281 S. W. 17.

The order and decree of the court below is correct, and it is therefore affirmed.