Edwards *v.* Jones.

4-5286                                           .123 S. W. 2d 286

Opinion delivered December 5, 1938.

*Isaac McClellan* and *W. H. McClellan,* for appellant.
*Sid J. Reid,* for appellee.

Smith, J.   E. R. Edwards owned two adjacent forty-acre tracts of land, which, together, constituted his homestead, where he resided with his wife.   He executed a timber deed to Fred Jones, conveying "All the merchantable pine and gum timber" on the lands constituting his homestead, for the consideration of $120.   The wife did

not execute or acknowledge this deed. After the timber had been cut and removed, Edwards and his wife joined in a suit against Jones for the treble value of the timber, upon the theory that the deed was void, inasmuch as Mrs. Edwards had not joined in its execution and acknowledgment.

Certain questions were raised in the pleadings and in the introduction of the testimony as to whether timber not merchantable had been cut, and also as to damages occasioned by setting out a fire on the lands. There was a verdict and judgment in favor of Jones, from which is this appeal, and appellants state the question submitted for our decision as follows: ''Therefore, we are going to discuss this evidence as to the legality of the deed, as we think the case should either be affirmed or reversed on this question alone.''

The concession is made by appellee as it may well be —that the deed was void under the provisions of § 7181, Pope's Digest. See *Autrey* v. *Lake,* 195 Ark. 243, 112 S. W. 2d 434, and cases there cited. But the court was of the opinion that, under the testimony, the wife had estopped herself to raise that question, and no testimony is abstracted to show that the court was in error in so holding, indeed, the testimony is not incorporated in the transcript. For the sake of brevity apparently, the parties entered into ''Stipulations as to evidence in the above-entitled cause agreed to by attorneys for plaintiff and defendant.'' From these stipulations we copy as follows: ''The court then held over the objections of plaintiffs that the deed was a good written contract and bound the wife as such when she had knowledge of the cutting of the timber, her husband being employed in the cutting of same by the defendant, and by her silence to object to the cutting and receiving the benefits of the consideration for said timber through her husband, she would now be estopped to maintain this action. The court further holding that she had the right to enjoin the cutting by the defendant, but refused to avail herself of that remedy and cannot now claim damages in this action. To which ruling of the court the plaintiffs at the time ob-

jected and asked that their exceptions be noted of record.''

Appellee vouchsafes the information that the testimony showed that Edwards was employed in cutting and removing the timber, and that a part of the consideration for the timber deed was paid Edwards and his wife by furnishing them with groceries for their housekeeping purposes as well as other necessities for their use. We cannot consider this as testimony, for the reason that it does not appear in the record, but inasmuch as no testimony upon this question appears in the record we must indulge the presumption that testimony was offered which sustained the declaration made by the court, if competent testimony to that effect could have been offered. *St. Francis County* v. *Lee County*, 46 Ark. 67; *Kansas City, F. S. & M. R. R. Co.* v. *Joslin*, 74 Ark. 551, 86 S. W. 435; *London* v. *McGehee*, 126 Ark. 469, 191 S. W. 10.

We perceive no reason why Mrs. Edwards may not have estopped herself to question the validity of the sale of the timber, and if she stood by and saw her husband assist in cutting it and received for her own use and benefit portions of the proceeds of the sale of the timber (and as such testimony may have been offered—and we must assume that it was) she is estopped to deny the validity of a sale against which she made no protest until the consideration had been paid, appropriated and enjoyed by herself and her husband.

It was said in the case of *Fox* v. *Drewry*, 62 Ark. 316, 35 S. W. 533, that a married woman may be estopped to claim real estate, or an interest therein, but that mere silence or inertness will not suffice to work an estoppel ''Unless in some way the party relying upon an estoppel is put at disadvantage by the action of the party sought to be estopped, it will not be available.'' But, as has already been shown, Jones was put to disadvantage. Mrs. Edwards had the opportunity to speak, but remained silent. She saw Jones employ her husband and pay him wages, and she received the benefits of payments on the purchase price. These payments of wages and of purchase price were the natural results of Mrs. Edwards' silence, and she must have known that Jones relied upon

her silence to his detriment if she may now be heard to speak. *Pettit-Galloway Co.* v. *Womack,* 167 Ark. 356, 268 S. W. 353.

The view that Mrs. Edwards has estopped herself to question the validity of the timber deed renders unimportant the fact that the deed was void when executed.

The judgment will, therefore, be affirmed, and it is so ordered.