In re Mark & Toni BEARD, Debtors.

**FIRST FEDERAL SAVINGS OF ARKANSAS, Movant,**

v.

**Mark & Toni BEARD, Respondents.**

**Bankruptcy Nos. 87–14128F, CMS 89–1636.**

United States Bankruptcy Court, W.D. Arkansas, Texarkana Division.

Dec. 5, 1989.

Marc Honey, Prescott, Ark., for debtors.

Lewis Ritchey, Little Rock, Ark., for creditor.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Before the Court is a Motion for Relief from Stay filed by the creditor, First Federal Savings and Loan (First Federal), based upon their secured status as evidenced by a 1988 mortgage on property of the debtor's estate. In opposition to this motion the debtors, Mark and Toni Beard, assert that the 1988 mortgage was not signed by Toni Beard resulting in the mortgage being void pursuant to Ark.Code Ann. § 18–12–403 (1987). First Federal asserts that there is no violation of the conveyance statute as the 1988 mortgage is merely an extension of a 1984 debt and mortgage signed by both Mark and Toni Beard.

### *Jurisdiction*

The Court has jurisdiction over this pending matter pursuant to 28 U.S.C. § 1334. In addition the court finds this matter to be a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G) in which the Court may give a final order.

### *Findings of Fact*

The parties presented the matter upon a stipulation of facts, which the Court sets out in a chronological order and adopts as its findings of fact.

1. On August 13, 1984, Mark and Toni Beard executed a Promissory Note and Mortgage on property described as follows:

"Fractional part of Lot Four, Block Sixty in Loughborough and Knobles Addition to the town of Prescott, Arkansas, more fully described as follows: Beginning at the Northwest end, fronting the Missouri Pacific Railroad tracts, at the corners of Lots 3 and 4 and run thence Southeast 160 feet on the line between said lots 3 and 4; run thence Southwest 60 feet; run thence Northwest 160 feet to the point of beginning."

2. On April 15, 1985, Mark Beard and Toni Beard were divorced by a Nevada County Chancery Court Decree.

3. On August 16, 1985, Mark and Toni Beard executed a Promissory Note and Mortgage on this same property. The Promissory Note of August 1984 was renewed by having the Beards execute another Promissory Note and Mortgage on August 16, 1985.

4. On August 29, 1986 Mark Beard and Toni Beard were legally married to each other for a second time.

5. On September 17, 1986, Mark Beard executed a Promissory Note and Mortgage on the same property. The Promissory Note of August 16, 1985 was renewed by having Mark Beard execute another Promissory Note and Mortgage on September 17, 1986.

6. On September 19, 1988, Mark Beard executed a Promissory Note and Mortgage on the same property. The Promissory Note of September 17, 1986 was renewed by having Mark Beard execute another Promissory Note and Mortgage on September 19, 1988.

7. On August 18, 1989, Mark and Tony Beard recorded their August 1986 marriage license.

8. The debt by the Beards in this matter has a principal due of $3,439.81, plus interest at the rate of 11.5% per annum, and is currently past due for the March, April, May, June, July and August 1989 payments.

9. All the above described mortgages have been recorded and have not been released.

### *Discussion*

Arkansas Code Annotated § 18–12–403 (1987) provides:

"No conveyance, mortgage, or other instrument affecting the homestead of any married person shall be of any validity, except for taxes, laborers' and mechanics' liens, and the purchase money, unless his or her spouse joins in the execution of the instrument and acknowledges it." [1]

---

1. Ark.Stat.Ann. § 50–415 was the applicable law at the time of the 1984 mortgage but has since been recodified at Ark.Code Ann. § 18–12–403 (1987) which was in effect at the time of the

The mortgages of 1984 and 1985 reflect that both Mark and Toni Beard executed the mortgages as security instruments securing a promissory note. It is noted that the debtors were legally divorced when the 1985 mortgage was executed by both debtors. Further, even though the marriage was not a matter of public record until August of 1989, the debtors were legally remarried when the 1986 and 1988 mortgages were executed solely by Mark Beard.

Arkansas case law interpreting the application of Ark.Code Ann. § 18–12–403 holds that the statute will not be applied to void a mortgage where there is proof of fraud or other inequitable conduct. *See Edwards v. Jones*, 197 Ark. 229, 231, 123 S.W.2d 286, 287 (1938) (wife who did not join in conveyance estopped from denying validity of document when she had knowledge of its execution and made no protest, enjoyed the consideration flowing from the conveyance, and the party urging estoppel was disadvantaged); *Johnson v. Commonwealth Bldg. & Loan Ass'n.*, 182 Ark. 226, 231, 31 S.W.2d 136, 138 (1930) (husband estopped from asserting the voiding powers of homestead conveyance statute when he falsely represented himself to be single).

Here, it is obvious that when the 1988 mortgage was executed the debtors knew that they were married, and that their marriage was not a matter of public record. In addition, there is no evidence that the debtors gave First Federal any actual notice of this marriage. Further, there is no evidence that Toni Beard was not aware of the execution of the 1988 mortgage, that she protested its execution without her signature, or that she did not share in the benefits of the proceeds of the original loan in 1984.

### Conclusions of Law

The Court concludes that it would be inequitable to allow Toni Beard to knowingly take advantage of a statute which was designed to protect her interest when the results would be detrimental to a creditor.

1988 mortgage. For ease of discussion, the Court will use the Code references which were

*See Conser v. Biddy*, 274 Ark. 367, 369–70, 625 S.W.2d 457, 458 (1981) (purpose of conveyance statute is to protect homestead; statute as amended in 1981 is neutral based as to gender). The court holds that under the facts of this case, Arkansas Code Annotated § 18–12–403 (1987) is inapplicable and the debtors are estopped from denying validity of the 1988 mortgage. *See Edwards v. Jones*, 197 Ark. at 231, 123 S.W.2d at 287. To hold otherwise would encourage parties to withhold material facts which could affect the contractual rights of the parties. *See Smith v. Flash TV Sales & Serv., Inc.*, 17 Ark.App. 185, 190, 706 S.W.2d 184, 187 (1986) (homestead laws are remedial and should be construed to achieve intended purpose).

First Federal's Motion from Stay shall be granted and an Order consistent with this Memorandum Opinion shall be issued of even date.

in effect at the time of the 1988 mortgage.