## PLANT *v.* PLANT.

### Opinion delivered October 24, 1896.

DIVORCE—ALIMONY PENDENTE LITE.—The allowance of alimony to a wife during the pendency of a suit by her for divorce, and of her costs and attorney's fees, is within the discretion of the chancellor, under Sand. & H. Dig. sec. 2512, providing that during the pendency of an action for divorce the court may allow the wife maintenance and a reasonable attorneys' fee.

Appeal from White Chancery Court.

J. P. ROBERTS, Special Chancellor.

*Grant Green, Jr.*, and *John T. Hicks*, for appellant.

1.   The divorce is sought on the ground of personal indignities. Sand. & H. Dig. sec. 2505, subd. 5. Alimony *pendente lite* will not be granted as a matter of right. *Ib.* sec. 2512. Merit must be shown. 28 Ark. 93; 30 *id.* 73; 54 *id.* 558. The wife must be without fault. 2 Story, Eq. 1422–1423a; Schouler, Husb. & W. 485; 2 Bish. Mar. & D. sec. 351; 54 Ark. 175. She must be corroborated. 34 Ark. 37; 38 *id.* 119; 38 *id.* 324. If both parties are equally at fault, no decree will be granted. 53 Ark. 484.

2. The showing as to faculties is wholly wanting. Where there is no estate, there can be no allowance. 61 Am. Dec. 376.

3. The allowance is *unreasonable* and excessive, on the proof.

BUNN, C. J. This is an appeal from an order and decree of the circuit court of White county, in chancery sitting, allowing alimony, costs of suit, and attorney's fees in a proceeding for divorce pending therein, wherein appellee was plaintiff and her husband, D. W. Plant, the appellant here, was defendant. By its decree aforesaid, the plaintiff was allowed $25 per month for the first two months, and $12.50 per month thereafter during the pendency of the suit for divorce for the support and maintenance of herself and child; $75 for the costs to be paid to officers of court, witnesses, etc., and $250 attorneys' fee.

The statute on the subject reads as follows, to-wit: "During the pendency of an action for divorce, the court may allow the wife maintenance and a reasonable fee for the attorneys, and enforce the payment of the same by orders and executions and proceedings as in cases of contempt." Sand. & H. Dig. sec. 2512.

The matter is within the sound discretion of the chanceller before whom the cause is pending ; and while the showing on the part of the plaintiff and wife in this case is not of the strongest character, it is sufficient for the purpose, we think, and we find no reason to disturb the finding and decree of the chancellor, except in respect to the matter of allowance of attorney's fee. We think the same is excessive under all the circumstances, and should be reduced.

The decree as to maintenance and court costs is affirmed, and as to the allowance of attorney's fee it is modified, so as that the allowance will be the sum of $75, instead of $250 ; and with this modification the decree is affirmed.