HIX *v.* SUN INSURANCE COMPANY.

Opinion delivered April 11, 1910.

1. INSURANCE—SOLE OWNERSHIP OF INSURED PREMISES—EFFECT OF DIVORCE.
—Under a policy of fire insurance which stipulated that it should be void "if the interest of the insured be other than unconditional and sole ownership," a decree divorcing the insured from his wife and giving her temporary possession of the insured premises does not divest him of the sole and unconditional ownership.   (Page 487.)

2. SAME—SOLE OWNERSHIP OF INSURED PREMISES—EFFECT OF DIVORCE.—Kirby's Digest § 2864, entitling a wife, upon a divorce being rendered in her favor, to one-third of the husband's property absolutely, will not affect a husband's ownership of property, upon a divorce being granted to his wife, until the property is designated by the decree.   (Page 488.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Joe E. & John N. Cook,* for appellant.

The title to the property has not changed.   48 So. 22; 89 Ark. 111; 67 Ark. 553.   Title acquired at public sale is not divested until the sale is confirmed.   74 N. W. 270; 53 Neb. 816. Transfer from one partner to another does not affect the policy. 133 Ill. 220.   A vendor's lien does not work a forfeiture. 77 Ark. 27; note to 20 L. R. A. (N. S.) 776.

*Webber & Webber,* for appellee.

The verdict was properly directed.   63 Ark. 200; 67 Ark. 584; 72 Ark. 51.   If incumbrances are not disclosed, the policy is void.   44 S. E. 404; 44 Md. 95; 120 S. W. 714; 10 Fed. 232; 106 N. W. 484; 34 S. W. 915; 12 C. C. A. 531; 63 Ark. 200. The interest of appellant was not truly stated, as required by the policy. 20 L. R. A. (N. S.) 776; 121 Mo. 75; 25 S. W. 848; 63 S. E. 283.   A policy cannot be enforced where insured has title to only an undivided interest.   40 Mich. 241; 158 Pa. St. 459; 27 Atl. 1077; 43 S. E. 52; 116 Ga. 794; 67 S. W. 153; 26 So. 932.

McCULLOCH, C. J.   Appellant instituted separate actions against two fire insurance companies on policies of insurance, one on his household goods for $750, and the other on his dwelling house for $400.   All of the property covered by both policies was totally destroyed by fire during the period specified in the policies.   The two cases were consolidated, as involving the same

issues, and were tried together. The court gave a peremptory instruction to the jury to return a verdict in favor of each defendant.

Both policies are of the standard form, and liability thereunder is denied on account of alleged breach of the following condition stated in each policy, viz.: "This entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the assured in fee simple."

No written application was made for the insurance, and there was no misrepresentation as to the title or the occupancy, nor did any change take place in the title or occupancy after the issuance of the policies. The title to the real estate, which constituted his homestead, was vested in appellant, and he owned the personal property. A short time before the policies were issued to him, a decree for divorce was rendered against appellant in favor of his wife. That decree, omitting the caption and formal recitals, reads as follows:

"The court is of the opinion that said plaintiff is entitled to a divorce on the above alleged grounds, and also alimony in the sum of twenty-five dollars per month to be paid by the said defendant, and that she keep possession of the two minor children, the defendant to be permitted to visit them at all reasonable hours. The court finds that said parties own a home in the city of Texarkana, Arkansas, which is now occupied by said plaintiff and her two said children, and the court adjudges that she may continue to occupy the same and hold the household goods. As to the sale of said home, the court makes no order, further than at any time said parties may see fit to sell the same they may do so on such terms as they may agree upon and that is satisfactory to each of them. It is further adjudged that if, before said parties sell said property, the said plaintiff shall marry, then she shall vacate said property, and said defendant shall be released from paying any further alimony. The judgment of the court as to alimony and the occupancy of the home is subject to further orders. It is therefore considered, ordered and decreed that the bonds of matrimony now

existing between said plaintiff and defendant be dissolved and set aside, that plaintiff keep possession of said home, household goods and children, and that said defendant pay her twenty-five dollars per month for her and her two children's support."

Did that decree divest any part of appellant's title to, or interest in, the property, so that he was no longer the unconditional and sole owner thereof within the meaning of the insurance policies?

The statutes of this State provide that where a final judgment for divorce is rendered in favor of a wife, she "shall be entitled to one-third of the husband's property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled; and when it appears from the evidence in the case, to the satisfaction of the court, that such real estate is not susceptible of the division herein provided for without great prejudice to the parties interested, the court shall order a sale of said real estate to be made by a commissioner, to be appointed by the court for that purpose, at public auction to the highest bidder upon the terms and conditions and at the time and place fixed by the court; and the proceeds of every such sale, after deducting the cost and expenses of the same, including the fee allowed said commissioner by said court for his services, shall be paid into said court, and by the court divided among the parties in proportion to their respective rights in the premises." Act of March 28, 1893; Kirby's Digest, § 2684.

This court has construed the statute to give to the divorced wife for and during her natural life such interest and amount of his real estate as would be her dower in case of the husband's death. *Beene v. Beene,* 64 Ark. 518.

Now, it is seen, from an inspection of the decree, that the court did not "designate the specific property, both real and personal," to which the wife was entitled, nor did it order a sale of the property for division. The effect of the decree, both as to the personal property and real estate, was merely to award the possession thereof temporarily to the wife, reserving the question of division or of designation of the wife's portion for future

determination. It did not purport to divest any part of appellant's title to the property, nor to diminish his interest therein. The fact that the possession was temporarily awarded to appellant's wife did not affect his title to the property, and, notwithstanding that award, he continued to be the sole and unconditional owner of the property within the meaning of the policies. The conditions named in the policies do not refer to possession, but to title and ownership.

It may be insisted, however, that the statute of its own force vested in the divorced wife title to an undivided interest in the husband's property, which she could have asserted and had set apart at the time the decree for divorce is rendered, or could do so afterwards. The statute provides that the specific property to which the wife is entitled shall be designated in the decree for divorce; but, conceding that this may be done afterwards by another decree of the court, until it is done the divorced wife's claim is an unascertained one which does not change the husband's interest in the property from that of sole and unconditional ownership. He is still the sole and unconditional owner thereof in fee simple, though the divorced wife's undetermined claim exists, and he cannot convey it without her concurrence. The husband cannot sell his homestead before divorce unless his wife joins in the execution of the conveyance, nor can he convey his other lands free of the wife's inchoate dower right; yet he is the sole and unconditional owner. He is not merely the owner of an undivided interest, but he is the sole and unconditional owner until his wife's interest be asserted and carved out. The title remained vested in the husband solely and unconditionally until it was divested by a decree of the court designating the specific property to which the wife was entitled.

We are therefore of the opinion that the court erred in its peremptory instruction. The testimony is not satisfactory as to the amount of personal property owned by appellant, or as to its value, and we do not undertake to decide what amount he ought to recover on the policy; but there was testimony sufficient to warrant a finding that appellant owned personal property covered by the insurance policy, and he was entitled to have the jury decide how much he should recover, according to the proof.

Reversed and remanded.

Hart, J., dissenting.