FT. SMITH, SUBIACO & ROCK ISLAND RAILROAD COMPANY
v. LOVELADY.

Opinion delivered November 21, 1921.

1. APPEAL AND ERROR—SUFFICIENCY OF BILL OF EXCEPTIONS.—Where a bill of exceptions, duly signed by the trial judge, did not contain the evidence or the instructions in the case, but merely gave direction that they should be inserted by the clerk, this was insufficient.

2. APPEAL AND ERROR—PRESUMPTION.—Every presumption should be indulged in favor of the rulings of the trial court until it affirmatively appears from the record that its rulings were erroneous.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*E. H. McCulloch,* for appellant.

The required notice was properly given and the fund was distributed, and a collateral attack could not be made. Black on Judgments, Vol. 1, § 251; 113 U. S. 179; 108 U. S. 18; 130 U. S. 482; 138 U. S. 439; 141 U. S. 260; 144 U. S. 75; 141 U. S. 475.

Though a foreclosure decree is erroneous, it cannot be attacked in the State court. 53 Iowa 202.

The court erred in refusing to make the persons mentioned in the motions, parties to the action. C. & M. Digest, § 1097.

Evidence of notice to put in stock gaps should not be admitted unless service is shown. 68 Ark. 236. Stock guards as well adapted as is practicable to make them in connection with safe operation of the road is all the law requires. 71 Ark. 232.

Where the owner stands by and sees his property sold by the sheriff without objecting, he cannot afterward assert his title. Dud. 72; 9 Ga. 23; 16 Ga. 593; 60 Am. Dec. 744; 65 Ga. 360; 12 La. Ann. 473; 30 La. Ann. 1251; 7 Watts 163 (Pa.); 16 Cyc. 764; 16 Cyc. 765; 83 Ga. 161; 18 Abb. Prac. 3; 27 N. C. 587; 44 Ann. Dec. 63; 3 Serg. & R. 283 (Pa.); 3 Rawle 492; 10 Ark. 211; 14 Ark. 505; 18 Ark. 142; 24 Ark. 371. The acceptance of other security raises the presumption that the vendor intended to waive his equitable lien for the purchase money. 33 Ark. 240. Plaintiff had no lien on the land. 51 Ark. 285.

*Robt. J. White*, for appellee.

A paper which constituted a part of a bill of exceptions must be marked so it can be identified. 45 Ark. 485; 46 Ark. 482; 69 Ark. 114; 61 S. W. 372; 89 Ark. 553; 115 S. W. 923; 20 L. R. A. (N. S.) 453.

A stenographer's report can be made available on appeal only by being made a part of the bill of exceptions. 65 Ark. 330; 46 S. W. 127.

Giving a note for the purchase price of land is not paying for it. 51 Ark. 235.

WOOD, J. The appellees instituted an action in the Logan Chancery Court against the appellant—the appellees J. W. Lovelady and A. Newman to recover compensation for the alleged taking of a right-of-way through their lands and damages to the severed parts and appellee J. C. Lovelady for damages to crops on account of the alleged failure of the appellant to put in safe and sufficient stop gaps, and also for damages to his land by reason of an alleged overflow washing the

same and damages on account of the alleged failure of
the appellant to maintain a dirt road-crossing in com-
pliance with an alleged agreement to do so.

The allegations setting forth the causes of actions
in the respective complaints were all denied in separate
answers by the appellant. The trial resulted in judg-
ments in favor of each of the appellees against the ap-
pellant. Each of these judgments recited as follows:
"Now on this day comes on for hearing this cause,
comes the plaintiff in person and Robert J. White, his
attorney, comes also the defendant, by E. H. McCulloch,
its attorney, and both parties announcing ready for trial,
and the cause was submitted to a jury of twelve good
and lawful jurors, who, after hearing the evidence, the
instructions of the court, and the argument of counsel,
retired to their room to consider of their verdict and
after deliberation returned into court the following
verdict." Then follow the verdict and judgments for
the amounts returned by the jury against the appellant
in each case.

The transcript in this case first sets out the plead-
ings. Then follows what purports to be "a bill of ex-
ceptions" showing that the causes were by consent
consolidated and tried before one jury; that before the
jury was impaneled special demurrers to the complaints
were filed in each of the cases, and that these demurrers
were by the court overruled. Then follows a statement
to the effect that the parties introduced the full testi-
mony as reported by the official stenographer in the case.
Then follows a deed from masters appointed by the
United States District Court for the Western District of
Arkansas in a case pending in that court between the
St. Louis Union Trust Company and the Ft. Smith,
Subiaco & Eastern Railroad Company to the Common-
wealth Trust Company, a Missouri corporation; and a
deed from the Commonwealth Trust Company to the
appellant. Then follow the judgments as above set
forth. Then follow motions for a new trial and the
orders overruling the same and an entry giving the ap-

pellant ninety days within which to prepare its bill of exceptions, followed by the recital, "and now comes the defendant and offers the above and foregoing as and for its bill of exceptions in all cases tried, and asks that the same be signed and sealed and made a part of the record herein, which is accordingly done this 4th day of April, 1921."

Then follows what purports to be another "bill of exceptions," in which is set forth what purports to be the testimony of the appellees and also of appellant and of other witnesses in behalf of the respective parties; and also documentary evidence consisting of certified copies of certain proceedings had before the United States District Court of the Western District in the case of Union Trust Company v. Ft. Smith, Subiaco & Eastern Railroad Company. Then follows what purports to be certain instructions given by the trial court on its own motion and the exceptions of the appellant to these instructions. Then follows the recital showing that the causes were argued and submitted to the jury. Then follows a call for a copy of the jury's verdict and a call for the copy of the motion for a new trial, and concluding with the recital that the appellant was given ninety days within which to prepare and file his bill of exceptions and that the same was presented and found correct. This purported bill of exceptions concludes as follows: "In testimony whereof, I hereunto set my hand as judge of the 15th Judicial Circuit of Arkansas and of Logan Circuit Court, northern district thereof, on this............day of............, 1921." This bill is not signed.

Then follows a certificate of the reporter that the above is a correct and complete copy of the evidence introduced at the trial of the above entitled cause as shown by his notes. Then follows a statement to the effect that "the foregoing bill of exceptions contains all the evidence heard or offered in the trial of the cause and all the instructions and all the proceedings had and done at the trial of the cause. In witness

whereof the said counsel have hereunto set their hands this the ............ day of April, 1921.'' The statement of counsel is left blank, unsigned.

Then follows a notation by the clerk that the above was filed for record on the 22nd day of May, 1921. Then follows a statement to the effect that the defendant requested instructions and setting them forth and noting the rulings of the court in refusing to give the prayers, and concluding with the recital that ''the above and foregoing instructions, together with the instructions reported and transcribed in the official stenographer's report of the cases, were all the instructions asked for, given or refused by either side in these several cases.'' Then follows another statement to the effect that the causes, after argument, were submitted and the following verdicts returned. Then follows another recital purporting to be ''bills of exceptions'' containing a call for the clerk to copy the special demurrer interposed in each of the cases and for the clerk to copy the records, deeds, etc., which were introduced in support of the demurrers referred to. This is followed again by a recital to the effect that the demurrers were overruled, and that the causes came on for trial, and the plaintiff in each case presented his testimony, and with a call for the clerk to insert the testimony as reported by the official stenographer. Then follows a recital that the court instructs the jury and a call for the clerk to insert the instructions as reported by the official stenographer. Then follows the recital that the causes were again submitted and the verdicts returned, and a call for the clerk to copy the verdicts in each case. Then follows a call for the clerk to copy the motions for a new trial. Then follows certain sheets containing the instructions asked by the defendant with a notation on the margin thereof, ''Refused—all of them.''

Then follows a statement signed by the trial judge to the effect that the motions for new trials were overruled, and that the appellant saved its exceptions, was granted ninety days within which to prepare its bill of

exceptions, and "offers the above and foregoing as and for its bills of exceptions in all cases tried, and asks that the same be signed, sealed and made a part of the records herein, which is accordingly done this 4th day of April, 1921."

The transcript concludes with a certificate of the clerk that the annexed ·and foregoing pages contain a true and correct transcript of the proceedings had, signed the 3rd day of June, 1921.

It is impossible from the transcript of the record thus presented by the appellant to ascertain which of the entries was the bill of exceptions and what it really contains. With the record in this confused condition, the appellees obtained a writ of certiorari to have the clerk of the Logan Circuit Court "certify the original bill of exceptions as approved and ordered made part of the record by the trial judge." In response to the writ of certiorari, the clerk has brought into the record the original bill of exceptions, which is a mere skeleton bill. It contains a call for certain records of the United States District Court for the Western District of Arkansas and certain deeds that were introduced in evidence to be copied by the clerk; and for the testimony that was introduced in the causes by plaintiffs and defendant and reported and transcribed by the official stenographer to be copied by the clerk, and for the instructions that were given by the court at the request of the plaintiffs to be copied by the clerk, and the instructions given orally by the court on its own motion to be copied by the clerk. It thus appears that the testimony and the instructions are not contained in the bill of exceptions.

In *Dozier* v. *Grayson-McLeod Lumber Co.,* 100 Ark. 244, we held, quoting syllabus: "Where a bill of exceptions recited: 'The following testimony was introduced before the court and jury, which was all the evidence introduced by either party (insert testimony),' meaning that the clerk should insert the official stenographer's notes of the testimony, and the certificate of the stenographer shows that the testimony was subsequently

transcribed, and it does not appear that the transcribed testimony was ever presented to the circuit judge for examination, it did not become a part of the bill of exceptions, and cannot be considered on appeal.''

In the above case we said: ''Before the bill of exceptions receives the signature of the judge, it must be allowed by him, and this means that it must be approved by the judge after an examination thereof and a finding by him that it is correct. The bill should be complete when it receives the signature of the judge, so that there is no further discretion relative thereto. 'It must be its own evidence of all it contains.' ''

The above case rules the present one. This bill of exceptions shows that the testimony adduced by the parties and the instructions given by the court on its own motion and at the request of the appellees were not transcribed by the official stenographer and copied into the bill before the same received the signature of the trial judge. The causes were submitted to the jury upon the testimony and instructions of the court as shown by the recitals in the judgments, as well as in the ''bill of exceptions.'' Every presumption must be indulged in favor of the rulings of the trial court until it affirmatively appears from the record that its rulings were erroneous. No such showing is made by the record in this case.

The judgments are therefore affirmed.