HEINRICH *v.* HEINRICH.

Opinion delivered May 14, 1928.

Harb & Barnard and Robert J. Brown, Jr., for appellant.

Watkins & Pate, for appellee.

HUMPHREYS, J.   The only question presented by this appeal for determination is whether the chancery court of Pulaski County erred in divesting the title out of appellant and investing same in appellee to lot 8 of Schlatter's subdivision to the northwest quarter of the northwest quarter of section 22, township 2 north, range 12 west, Pulaski County, Arkansas, subject to a lien of $150 in favor of appellant as part of the purchase price paid by him for the lot.

The decree respecting the property was rendered in a divorce suit brought by appellee against appellant, in which appellee prevailed.   The case was tried upon testimony taken *ore tenus,* and it has not been brought into the record by bill of exceptions, so the review before this court must be limited to errors appearing upon the face of the record.   *Ft. Smith, S. & R. I. R. Co.* v. *Lovelady,* 150 Ark. 508, 234 S. W. 634.   The court found that appellant and appellee purchased the property under contract from the Bankers' Trust Company, and that said contract of purchase was in the name of both appellant and appellee; that appellant paid $150, which was the initial payment at the time the purchase was made, and that the rest of the purchase money was paid by appellee. As the purchase money had been paid, this created an equitable estate in entirety by appellant and appellee. *Roach* v. *Richardson,* 84 Ark. 47, 104 S. W. 538.   An estate

252

by entirety, either legal or equitable, cannot be divested out of the husband and invested in the wife, or *vice versa,* by the courts. The right to the whole estate by the survivor prevents this. *Roulston* v. *Hall,* 66 Ark. 305, 50 S. W. 690, 74 A. S. R. 97. Appellant contends, under the rules announced in the two cases cited, that the power and authority of the trial court was limited to making a division of the rents thereafter accruing from the property in question between appellant and appellee. This would be true with reference to any lands not embraced in the homestead, but not as to homestead land. There is nothing on the face of the record to show that the five-acre tract in question was not a homestead, so we must indulge the presumption that the testimony reflected that fact. This presumption brings the case clearly within the rule announced in *Woodall* v. *Woodall,* 144 Ark. 163, 221 S. W. 463, to the effect that courts may award to the innocent party in divorce suits the possession, for a limited time, or absolutely (meaning for life) of a homestead held by entirety.

The court erred in divesting title to the five-acre homestead tract out of appellant and investing same in appellee, subject to a lien for such portion of the purchase price as was paid by appellant, and for that reason the decree must be reversed, and the cause remanded with directions to award possession of the tract to appellee for life, subject to the right of survivorship. Cost adjudged against appellant.