HAM *v.* HAM.

5-509                                   272 S. W. 2d 446

Opinion delivered November 15, 1954.

*Coffelt & Gregory,* for appellant.

*Willis V. Lewis,* for appellee.

GEORGE ROSE SMITH, J.   This is an appeal from a decree granting a divorce to the appellee, Martha Ruby

Ham, upon the ground of personal indignities. The appellant contends that the plaintiff's proof fails to establish a ground for divorce and that her testimony is not sufficiently corroborated.

The couple were married in 1946 or 1947. Mrs. Ham testified that from the second day of their married life her husband was unsympathetic toward her. She says that her husband was jealous, that he falsely accused her of having relations with an insurance agent, and that he denied being the father of their younger child. According to Mrs. Ham she was ill almost to the point of helplessness during both her pregnancies, but despite her condition her husband cursed and abused her and on one occasion slapped her. She also complains of certain excessive sexual demands which we need not detail. When Mrs. Ham announced her intention of leaving Ham, in September of 1953, he beat her to such an extent that medical attention was required. The chancellor evidently credited the truth of the plaintiff's testimony, which in our opinion describes conduct giving rise to a cause of action for divorce. *Haley* v. *Haley,* 44 Ark. 429.

On the issue of corroboration there is testimony by Mrs. Ham's parents that Ham abused his wife, never spoke kindly to her, and caused her to cry a number of times. These witnesses also confirm the fact that Mrs. Ham was beaten and bruised upon the occasion of the couple's final separation. In a genuinely contested case the corroborating proof may be relatively slight, since the purpose of this requirement is to prevent collusion. *Morgan* v. *Morgan,* 202 Ark. 76, 148 S. W. 2d 1078. Here the supporting evidence satisfies the criterion approved in our earlier decisions.

The decree is affirmed, the appellee to recover her costs and an attorney's fee of $100.