JARRETT *v.* JARRETT.

5-1058                                                 295 S. W. 2d 323

Opinion delivered November 12, 1956.

*Willis & Walker,* for appellant.

*N. J. Henley,* for appellee.

J. SEABORN HOLT, Associate Justice. The parties here were married in 1915 and to this union eight children were born, seven, having reached their majority, are now living. August 1, 1955, appellee, Mrs. Jarrett, filed suit for divorce alleging indignities and cruel treatment and asked for a property settlement, alimony and attorney's fees. On a trial a decree of divorce was granted to appellee, a property settlement ordered, along with allowance of alimony and attorney's fees. A satisfactory adjustment of the personal property appears to have been made, but appellant complains about that part of the decree affecting an eighty acre farm on which the parties resided and had made their home for a great many years. The decree contained this recital: ". . . the court finds and holds that the Plaintiff should be awarded the exclusive possession of the farm land with home thereon described in the pleadings for a period of

three years from December 28, 1955, and that during such period of time the Plaintiff shall be required to pay the taxes upon said land. The court finds that the land is not susceptible of division in kind without great prejudice to the parties and that same should be sold by the clerk as commissioner of the court on the first Monday of January, 1959 . . . The possession herein awarded to the Plaintiff is upon the condition that she occupies the property as her home, and should she abandon the property as her home prior to the expiration of the three year period the property shall be ordered sold promptly by the court upon appropriate petition and showing of such abandonment . . . The court retains jurisdiction of this cause and the parties for the purposes of effecting a sale of the lands, a division of the proceeds of such sale, and enforcing the property rights and the alimony award." Appellant says: "There is no dispute that this land was purchased by the husband during coverture and that appellee has her rights of dower and homestead therein and that they are not susceptible of division in kind, etc.," and further that: "The only point involved in this appeal is whether the lower court erred in postponing the sale of the lands for three years, or was it bound to order an immediate sale under § 34-1214, Arkansas Statutes."

We hold that the court did not err in postponing the sale for three years, as indicated. Our rule is well established, through a long line of our cases, that courts, when granting decrees of divorce, may award possession of the homestead to either of the parties for such time and upon such conditions as appear to be equitable. We said in *Biddle* v. *Biddle*, 206 Ark. 623, 177 S. W. 2d 32, "An examination of our own cases clearly discloses that courts granting decrees of divorce may award the possession of the homestead to either of the parties for such time and upon such terms and conditions as appear to be equitable and just. Such is the effect of our decisions in the cases of *Heinrich* v. *Heinrich*, 177 Ark. 250, 6 S. W. 2d 21; *Watson* v. *Poindexter*, 176 Ark. 1065, 5 S. W. 2d 299; *Woodall* v. *Woodall*, 144 Ark. 159, 221 S. W.

463; *Johnson* v. *Commonwealth Bldg. & Loan Ass'n,* 182 Ark. 226, 31 S. W. 2d 136; *Wilkerson* v. *Hoover,* 192 Ark. 337, 91 S. W. 2d 274.''

Finding no error, the decree is affirmed.