FITZGERALD *v.* FITZGERALD.

5-1321                                      303 S. W. 2d 577

Opinion delivered July 1, 1957.

*R. H. Peace,* for appellant.

*H. L. Wilkinson, Pat Robinson* and *Patsy Robinson,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, John Fitzgerald and appellee, Syble Fitzgerald, were married August 19, 1928. On April 16, 1955, appellee sued for divorce on the ground of personal indignities. She asked for the care and custody of a minor child, Mary Elizabeth, 9 years of age, and an allowance for her support. She further prayed for possession and the use of homestead property consisting of 75.61 acres, for certain personal property and for costs and attorney's fee.

Appellant answered with a general denial and in a cross-complaint asked for a divorce on the grounds of indignities and desertion.

Trial was had on October 25, 1955, and at the close of all the testimony the court took the case under advisement and thereafter, on September 10, 1956, rendered a decree dismissing appellant's cross-complaint for want of equity, and granting a divorce to appellee awarding her the care and custody of the little girl, with reasonable visitation rights to appellant. Appellee was also given possession and use of the homestead property along with all personal property connected with the homestead, the household furniture, their joint savings account in the amount of $250 and one-half of the cash maturity value of certain U. S. Government Bonds in the amount of $800. The decree further directed that appellant pay to appellee, for support of the minor child, $50 per month beginning January 1, 1956, and that appellant's one-half of the bonds, in the amount of $400, be applied on these nine back installments which amounted to a total of $450. Appellant was further required to pay all court costs including $150 to appellee's attorney.

For reversal appellant first contends that appellee's proof was not sufficient to support her ground for divorce and that her testimony lacked corroboration. We do not agree to either contention. After review of all the evidence, which we do not attempt to detail here, we cannot say that the findings of the chancellor were against the preponderance thereof. Appellee testified, in effect, that appellant habitually cursed, threatened and abused her. On occasions he accused her of unfaithfulness, which she denied. That his cruel treatment had become unbearable. On one occasion he struck her. Much of his mistreatment of her was in the presence of Mary Elizabeth, causing her to cry, to fear him, and to become so nervous and irritable that it became necessary to take her to a physician. Appellee's parents and other witnesses tended to corroborate material parts of appellee's proof.

In a contested divorce case, as here, the corroboration may be relatively slight since the purpose of this requirement is to prevent collusion. See *Ham* v. *Ham,* 224 Ark. 228, 272 S. W. 2d 446. We said in *Morgan* v. *Morgan,* 202 Ark. 76, 148 S. W. 2d 1078, "It is not necessary that the testimony of the complaining spouse be corroborated upon every element or essential of his or her divorce. It has been said that since the object of the requirement as to corroboration is to prevent collusion, where the whole case precludes any possibility of collusion, the corroboration only needs to be very slight." As indicated, we hold that appellee's proof was sufficient.

Next appellant contends that "the decree awarding all the property to the appellee [especially the possession and control of the homestead] was against the statute governing the division of property in such cases." We do not agree. In a similar situation this issue, as to the homestead, was determined against appellant's contention in our very recent case of *Jarrett* v. *Jarrett,* 226 Ark. 933, 295 S. W. 2d 323. We there said: "An examination of our own cases clearly discloses that courts granting decrees of divorce may award the possession of the homestead to either of the parties for such time and upon such terms and conditions as appear to be equitable and just. Such is the effect of our decisions in the cases of *Heinrich* v. *Heinrich,* 177 Ark. 250, 6 S. W. 2d 21; *Watson* v. *Poindexter,* 176 Ark. 1065, 5 S. W. 2d 299; *Woodall* v. *Woodall,* 144 Ark. 159, 221 S. W. 463."

The court did not err in awarding costs and an attorney's fee to appellee. Such allowances are always within the sound discretion of the trial court and unless abuse of such discretion be shown, we will not disturb it. See *Plant* v. *Plant,* 63 Ark. 128, 37 S. W. 308 and *Gabler* v. *Gabler,* 209 Ark. 459, 190 S. W. 2d 975.

We further hold that the court did not err in directing the $50 monthly payment for child support to begin January 1, 1956, since it is undisputed that the court had the case under advisement from October 1955

until September 10, 1956, when the decree was rendered, and since this period of time, approximately 9 months, followed the trial and the completion of all the testimony.

Finally, appellant says "that the rights of visitation should have been made more definite and certain in the decree." On this point the decree recites: "Said defendant [appellant] shall have the right to visit said child at reasonable times and places," and further in the decree "that this court retains jurisdiction of this cause for any further necessary orders." Should appellant, therefore, at any time feel that he was being denied by appellee the opportunity of reasonable visitation, the trial court will be open to him to preserve his rights in this connection.

Finding no error, the decree is affirmed.