POSKEY *v.* POSKEY.

5-1327                                            305 S. W. 2d 326

Opinion delivered September 30, 1957.

*R. H. Peace,* for appellant.

*Pat Robinson* and *Patsy Robinson,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal seeks to reverse the action of the Lafayette Chancery Court, which, upon granting appellee, Beatrice Poskey, a divorce, further awarded the home place to appellee for her use, the property being held as an estate by the entirety by the parties hereto. Mrs. Poskey was granted a divorce from Fred Poskey on grounds of desertion, and was given permanent custody of the minor child, Raymond Poskey. Fred Poskey, appellant herein, was ordered to pay the sum of $140 per month for maintenance and alimony for Beatrice and Raymond. For reversal, appellant urges three points. First, that the estate by the entirety should have been disposed of as set out in Section 34-1215, Ark. Stats. (1947) Anno.; Second that the action of awarding appellee complete possession, control and occupancy, of the entire tract of land was inequitable; and third, that the decree was rendered one year after the evidence was heard, and conditions had materially changed during that space of time. We will discuss each point in the order set out.

## I.

Section 34-1215 of the 1947 Statutes provides as follows:

"DISSOLUTION OF ESTATES BY THE ENTIRETY OR SURVIVORSHIP. Courts of Equity, designated Chancery Courts within the State of Arkansas, shall have the power to dissolve estates by the entirety or survivorship, in real or personal property, upon the rendition of a final decree of divorcement and in the division and partition of said property, so held by said parties, shall treat the parties as tenants in common." This Act was approved on March 28, 1947, while the Poskeys purchased their property on November 6, 1945. Thus, this estate by the entirety was created nearly a year and a half before the passage of the aforementioned act. This Court has previously held that Act 340 does not operate retrospectively so as to affect entirety estates created prior to the passage of such legislation. *Jenkins* v. *Jenkins*, 219 Ark. 219, 242 S. W. 2d 124, 27 A. L. R. 2d 861; *Meadows* v. *Costoff*, 221 Ark.

561, 254 S. W. 2d 472. The court was therefore without authority to dissolve this particular estate.

## II.

The court awarded Mrs. Poskey a divorce on the grounds of desertion, and such action is not questioned in this appeal. Since the estate could not be dissolved, it was necessary that other disposition be made of the property. It was the opinion of the Chancellor that Mrs. Poskey should be awarded possession of the homestead, and we have previously approved such action where the wife was held to be the innocent party. *Heinrich* v. *Heinrich,* 177 Ark. 250, 6 S. W. 2d 21; *McClain* v. *McClain,* 222 Ark. 729, 263 S. W. 2d 911. Mr. Poskey contends that since six acres of land are involved, the Chancellor should have awarded him a portion for his use, upon which he could also build a house. He argues that one acre would be sufficient for either home, and that the remainder of the land could be divided into city lots for sale or development. This matter was entirely within the judgment of the trial court. Under the authority of the cases cited above, the court was not limited to one acre in making the award to appellee, but had full authority to award the use of the entire tract of land. The evidence certainly justified the finding by the court that Mr. Poskey had deserted his wife, and we are unable to say that some other division of the property would have been more suitable or equitable under the facts in this case; nor can we agree that the order requiring Mr. Poskey to pay the sum of $140 per month for the support and maintenance of his wife and minor child, together with attorney's fee, is improper, unjust, or inequitable. The evidence discloses Mr. Poskey's base pay to be $435 per month, with additional pay for overtime. We deem the amount ordered to be entirely reasonable.

## III.

Appellant next argues that though the case was tried September 12, 1955, the decree was not rendered until September 10, 1956. As stated in his brief: "Many

4

conditions might have come about within that one year's time to justify a different disposition of the property rights if such changed conditions could have been put before the court." It is not shown that any conditions had changed, nor was any pleading filed alleging changed conditions. The statement of appellant therefore enters the field of pure speculation, and is accordingly without merit.

Finding no reversible error, the decree is affirmed.