GOYNES *v.* GOYNES.

5-1930                                                    328 S. W. 2d 258

Opinion delivered October 26, 1959.

*Byron Goodson* and *M. M. Martin,* for appellant.

*Nabors Shaw,* for appellee.

J. SEABORN HOLT, Associate Justice. The sole question for our decision on this appeal, is whether the trial court abused its discretion in allowing the wife (appellee), against whom her husband (appellant) had filed a suit for divorce in Arkansas, January 19, 1959, $200 for her attorney's fees and $50 expense money. The court's order contained this recital: "That plaintiff (husband) should be and is hereby ordered to pay the sum of Two Hundred ($200) Dollars into the registry of this court as attorney fees, and the sum of Fifty ($50) Dollars as expense money in the taking of depositions on behalf of the defendant in the defense of this cause of action. After the plaintiff has complied with the terms of this order, by paying the attorney fees and expense money for defending this cause of action, into the registry of the Chancery Court of Polk County, Arkansas, the defendant will then be ordered to file her answer or otherwise plead, and the cause will be set down for hearing upon its merits."

The record reflects that the parties here were married March 30, 1913, and separated January 8, 1958 in Baton Rouge, Louisiana where they owned a home. Appellee has never left Louisiana, but continues to occupy the home property there. Appellant left his wife, came to Mena, Arkansas on January 8, 1958 and on January 24, 1958, he and his wife entered into a property settlement under the terms of which his wife was awarded the home in Louisiana which was unencumbered and valued by appellant at $7,000, and also $5,000 in cash. Appellee (wife) also receives Social Security in the amount of $52.50 per month. Appellant received $3,000 in cash, a 1949 model Dodge automobile and draws a ''pension'' of $200 per month. In addition, appellee did ''convey, transfer, assign and deliver unto Lester Aubrey Goynes the following described property, to-wit: 1. Whatever interest she may have in that certain property acquired by inheritance by Lester Aubrey Goynes situated in the County of Nevada, State of Arkansas.''

After a careful review of the record presented, we cannot say that it has been shown that the trial court abused its discretion in awarding appellee (the wife) attorney's fees and suit money *pendente lite*. We reannounced our rule relating to the granting of attorney's fees and suit money in *Gladfelter* v. *Gladfelter*, 205 Ark. 1019, 172 S. W. 2d 246, in this language: ''This court has also consistently held that the questions of alimony, and the amount to be allowed to the wife, during the pendency of a suit for divorce, together with her costs and attorney's fees, are within the sound discretion of the trial court, and unless there has been abuse of this discretion the court's action will not be disturbed here. In *Plant* v. *Plant*, 63 Ark. 128, 37 S. W. 308, this court held (quoting the headnote) that ''The allowance of alimony to a wife during the pendency of a suit by her for divorce, and of her costs and attorney's fees, is within the discretion of the chancellor, under Sand. & H. Digest, Sec. 2512, Sec. 4388 Pope's Digest (now Sec. 34-1210 Ark. Stats. 1947), providing that during the pendency of an action for divorce the court

may allow the wife maintenance and a reasonable attorney's fee."

In the very recent case of *Fitzgerald* v. *Fitzgerald*, 227 Ark. 1063, 303 S. W. 2d 577, we said: "The court did not err in awarding costs and an attorney's fee to appellee. Such allowances are always within the sound discretion of the trial court and unless abuse of such discretion be shown, we will not disturb it."

Finding no error, the decree is affirmed.