MEWBERN *v.* MEWBERN.

4-6164                                                    146 S. W. 2d 708

Opinion delivered January 20, 1941.

*Jay M. Rowland,* for appellant.

*E. C. Thacker* and *Roy Mitchell,* for appellee.

HOLT, J. August 24, 1936, appellee, James W. Mewbern, and appellant, Jane Mewbern, were married at Bakersville, North Carolina. They separated some five months later in Johnson City, Tennessee. Thereafter appellee sued appellant for divorce in Tennessee, alleging desertion as a cause. A trial was had on November 6, 1938, and appellee's complaint was dismissed for want of equity.

Thereafter, after having established residence in Garland county, Arkansas, appellee on October 9, 1939, sued appellant for divorce in that county, alleging two grounds: (1) desertion and (2) that appellant had committed adultery. Service was had on appellant in Tennessee by warning order. Appellant denied the allegations of the complaint, and upon a hearing the chancellor granted appellee a divorce on the one ground, that of adultery. The case comes here on appeal.

The only question for review here is whether the evidence was sufficient to warrant a decree in favor of appellee on the ground that appellant had been guilty of adultery.

We try the case *de novo* and unless we can say, after a review of all the testimony, that the decree of the chancellor was against the preponderance thereof, it would be our duty to affirm it.

On the part of appellee, the record reflects that he has no personal knowledge of the truth of the charge of adultery against his wife, his information being purely

hearsay. To support the charge, he relies almost entirely upon the testimony of two women in Johnson City, Tennessee, Corrine Bradley and Ethel Back, who, the record shows, are prostitutes. One of these women is operating a house of prostitution and the other is an inmate thereof.

On behalf of appellant, she specifically denied that she had ever been guilty of the charge made by her husband, or that she had ever been untrue to her marriage vows, and did not know the two women who testified to the charge. The chief of police, and another police officer in the Tennessee city, testified positively that Ethel Back and Corrine Bradley were engaged in running a disorderly house and that the reputation of each in that community was so bad that their testimony was not worthy of belief.

Several witnesses testified that appellant possesses a good reputation, that she is a woman of good standing, is industrious and trustworthy.

We refrain from setting forth the sordid details of the testimony of appellee's witnesses, Corrine Bradley and Ethel Back, for the reason that we give it no credit.

We are asked here to sustain the serious charge of adultery against appellant upon the testimony of two women whose testimony, we think, unworthy of belief and should be given little probative value. See *Wilson v. Wilson,* 97 Ark. 643, 134 S. W. 963. Without their testimony we are unable to find any evidence in this record to support the charge of adultery against appellant.

No property settlement is involved in this case and no children were born as a result of the marriage.

We conclude, therefore, that the findings of the chancellor are against the preponderance of the testimony, and accordingly the decree is reversed, and the cause dismissed.