HENSLEY v. HENSLEY.

4-8581                                    212 S. W. 2d 551

Opinion delivered June 28, 1948.

W. F. Reeves, for appellant.

N. J. Henley, for appellee.

SMITH, J.   Appellant filed suit against appellee, her husband, in which she prayed a divorce be granted her, that she be awarded custody of their infant daughter, four years old, that an allowance for the support of the child be made and for alimony.

The only relief granted was to award appellant the custody of the child, with the right of visitation on the part of its father, who was directed to pay appellant $15 per month for the child's support and from that decree is this appeal.

The only relief prayed by appellant on this appeal is that she be granted a divorce. The ground alleged therefor was that appellee had so mistreated her as to render her condition as his wife intolerable.

The testimony indicates that the parties were out of one quarrel only to engage in another, and that neither was blameless. They had a number of fights in which appellant said that she put in as many licks as she could. A divorce had previously been granted on her petition, and they remarried. Later a second divorce was granted

on appellee's petition, and they later were married for the third time. Appellant now seeks a third divorce.

Appellant left her home without telling appellee that she was going to do so. She had previously taken the child to her mother's home. She explained this action by saying that she was afraid to tell her husband that she was going to leave, as she was afraid he would whip her if she did so; that he had frequently whipped her with a cane or with his belt. Three neighbors testified that appellant exhibited welts on her thigh and on her legs which appellant testified had been caused by appellee whipping her with his belt. No one saw him do this except appellant and there was no corroboration of her testimony that appellee had whipped her, but the welts corroborated appellant's testimony that someone had struck her and more than once. Appellee testified that he had never struck her, but there was no evidence that anyone else had.

There are conflicts in the testimony which cannot be reconciled. Appellee testified that he loved his wife, and did not want her to have a divorce, and that he would be glad to have her return to his home. Appellant testified that appellee told her that he no longer loved her, but that he did love their child, and that he only wanted her in his home to have the child there.

Appellant testified that the chief cause of the quarrels between herself and appellee was his jealousy of her. This appellee denied. He testified that he was not jealous of his wife, and did not question her character, except that she was not satisfied with any home he had provided for her, as she wished to live in town, and he was unable to live there, but that he provided well for her in the home in which they lived. Several witnesses corroborated appellee's testimony that he provided well for appellant, but it appears appellee borrowed from his mother and members of his family much of the money spent in his wife's support. She testified that most of the money given her for her support had been won gambling or was the proceeds of the illegal sale of liquor. Appellee admitted that he gambled, but

testified that he had abandoned that practice, and he denied being engaged in the illegal sale of liquor, although he admitted that officers searched his truck and found two gallons of whiskey in it, and that he had paid a fine on that account.

A sister-in-law of appellee testified that she had heard appellee curse and abuse appellant on many occasions, that they quarreled frequently and that appellee was the aggressor. Appellee denied this and stated that his sister-in-law became angry with him because he refused to loan his truck to her son. This appellant denied.

Appellee's mother filed an intervention in the case in which she prayed that the custody of the child be awarded her. She alleged and testified that neither appellant nor appellee is a fit person to have the custody of the child, that their tempers were so irascible that there was constant quarreling and that the child should not be reared in that environment.

Appellant testified that she had remarried appellee twice upon his promise that he would no longer mistreat her, but that his promises proved false, and that she did not intend to live with him any longer. Appellant's testimony is that this last separation was final and while we find that she was not without fault, we also find that appellee was the chief offender and we think a divorce should be granted appellant. *Lemaster* v. *Lemaster*, 158 Ark. 206, 249 S. W. 589.

The decree of the court below will therefore be reversed and the cause will be remanded with directions to grant appellant a divorce.