263 S.W.2d 911 (1953)
McCLAIN
v.
McCLAIN.
No. 5-195.
Supreme Court of Arkansas.
November 30, 1953.
*912 Carl Langston, Little Rock, for appellant.
George W. Shepherd, Little Rock, for appellee.
HOLT, Justice.
The parties here were married in November, 1941. November 14, 1952, appellee, Trudie McClain, sued appellant for divorce on the grounds of drunkenness for more than a year, cruelty, and indignities, and asked that all property rights between them be adjudicated, that he be restrained temporarily from occupancy with her and enjoyment of the two acre tract upon which they lived and operated a beer and sandwich shop.
Appellant answered with a general denial, asserting that separation of the parties was the fault of appellee, and not his fault,in effect, a plea of recrimination. He pleaded no affirmative defense, but prayed that the relief for which appellee prayed be denied and that she be required to account for all property which they jointly owned and that he "be awarded possession of all real and personal property" located on the two acre tract, including the beer and sandwich shop, known as "Red Gates Inn."
Prior to trial on the merits, the court, on sufficient showing by appellee, and execution of proper bond, granted to her the temporary injunctive relief prayed.
March 4, 1953, trial was had on the merits. The court denied appellant's prayer that the prior injunctive relief granted appellee be set aside, denied any damages to appellant resulting therefrom and granted appellee an absolute divorce.
The court found "that the business being conducted upon the premises hereinafter described, known as `Red Gates Inn,' was a joint venture and that said business shall be and is hereby terminated as of the date of this decree; and the Court further finds that the fixtures now located in said building and used in connection with the operation of said business are jointly and equally owned by plaintiff and defendant.
"It is the further order and judgment of this Court that the fixtures and furnishings located upon the premises hereinafter described shall be left in the possession of the plaintiff, and she is hereby granted the right to use all of the same in connection with her use and occupancy of the premises hereinafter described."
The court further found that the two acre tract in question was owned by the parties as an estate by the entirety and granted to appellee, Trudie McClain, "the sole and exclusive possession of the same, together with the buildings located thereon, together with all fixtures and furnishings located thereon; and the defendant, Edley McClain, is hereby permanently enjoined and restrained from molesting the plaintiff in her use and occupancy in any manner of said premises above described."
There was a further finding that the rental value of this real estate and premises was $50 per month and appellee was ordered to pay appellant, Edley McClain, $25 per month as his half of the rental value of the real estate and premises and to pay $25 per month on the unpaid balance due and becoming due on the purchase price of said property. The court further directed *913 that two automobiles and certain livestock be sold and the proceeds equally divided between the parties, that appellee "immediately make an inventory of all of the salable merchandise found to remain as of March 6, 1953," and that a one half interest in said merchandise is granted to each of the parties and that appellee "is hereby granted the right to continue the operation of a business upon said property but same shall not become a joint venture for the reason that the joint venture between plaintiff and defendant known as `Red Gates Inn' ceased to exist as of the date of the entry of this decree, to wit: March 6, 1953."
From the decree is this appeal.
It appears from the testimony that these parties by their joint efforts acquired an estate by the entirety in two acres of land which they occupied as a homestead and upon which they operated a beer and sandwich shop known as "Red Gates Inn." Trudie McCiain, appellee, obtained a beer license and operated the business with the help of her husband for several years. She was in active charge of the business. Each of the parties became addicted to excessive drinking of intoxicating liquor. Bickerings, quarrels and violent abuse were frequent between them. On one occasion, appellant became violent, threatened the life of appellee, fired a pistol at her, and threatened to burn the premises. An intolerable situation was presented. Appellant had been treated by a number of doctors for excessive alcoholism and had been committed to the State Hospital for treatment for its excessive use.
From the testimony of a number of witnesses, it appears that neither of these parties is without blame. We have concluded, however, without detailing the testimony, that appellee was the lesser offender. Where, as here, the evidence appears almost equally divided, the findings of the Chancellor, after a patient and painstaking hearing, who saw and observed all of the many witnesses presented, is persuasive on us and sufficient to tilt the scales in appellee's favor.
On trial de novo here, we cannot say that such findings were against the preponderance of the testimony. Mewbern v. Mewbern, 201 Ark. 741, 146 S.W.2d 708; Hensley v. Hensley, 213 Ark. 755, 212 S.W.2d 551; and James v. James, 215 Ark. 509, 221 S.W.2d 766.
Appellant argues that the trial court erred in directing appellee to pay him only $25 per month as his half of the rental value of the real estate (2 acres) which they own as tenants by the entirety and was occupied as their homestead, and says that their is no evidence as to rental value of this property and that the court's action was arbitrary. We do not agree.
On the facts presented, it was within the discretion of the trial court to award this entire homestead tract, its use, benefits and occupancy to appellee for her life, without allowing appellant any rental, and subject only to the right of survivorship of appellant. Appellant, therefore, is in no position to complain. We said in Heinrich v. Heinrich, 177 Ark. 250, 6 S.W.2d 21, where a similar question of the possession of a homestead held by entirety was involved:
"Appellant contends under the rules announced in the two cases cited that the power and authority of the trial court was limited to making a division of the rents thereafter accruing from the property in question between appellant and appellee. This would be true with reference to any lands not embraced in the homestead, but not as to homestead land. There is nothing on the face of the record to show that the fiveacre tract in question was not a homestead, so we must indulge the presumption that the testimony reflected that fact. This presumption brings the case clearly within the rule announced in Woodall v. Woodall, 144 Ark. [159] 163, 221 S.W. 463, to the effect that courts may award to the innocent party in divorce suits the possession for a limited time, or absolutely (meaning for life) of a homestead held by entirety."
We find no error in the action of the trial court in awarding appellee the injunctive *914 relief against appellant which she prayed. Such action was within the court's power and the procedure followed appears to be in accordance with the provisions of Sections 22-404, 32-102 and 32-103, Ark. Stats. 1947.
Finding no error, the decree is affirmed.
McFADDIN, J., concurs in part and dissents in part.